**Affirmed and Opinion filed June 25, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00523-CR

## CRAIG ANTHONY GILDER, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1388541**

## O P I N I O N

Appellant Craig Anthony Gilder appeals his conviction for failure to comply with a sex-offender registration requirement. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (West Supp. 2014). In a single issue, he contends the evidence is legally insufficient to support his conviction because no rational juror could have found beyond a reasonable doubt that appellant committed the offense with the requisite culpable mental state. We affirm.

## BACKGROUND

In 1988, appellant was convicted of sexual assault, which subjected him to registration as a sex offender under article 62.102 of the Texas Code of Criminal Procedure. Officer C.R. Black of the Houston Police Department Sexual Compliance Unit testified that by being subject to sex-offender registration, appellant was required to register once a year. On May 14, 2013, at 10:30 in the morning, Black conducted a compliance check at appellant's registered address, 7601 Curry Rd., No. 2. Appellant had registered this address on July 24, 2012. The apartment appellant had listed as his residence was vacant; the apartment manager informed Black that the apartment complex was being renovated, which is why the apartment was vacant. A Sex Offender Compliance Report that was admitted into evidence at trial recites that this apartment was vacated on January 3, 2013. After finding the apartment vacant, Black determined that appellant was not registered at any other address in the State of Texas or the United States, and he was not in custody.

Andrea Jenkins, the apartment manager at 7601 Curry Rd., testified that the property was federally subsidized and required vouchers issued by the Department of Housing and Urban Development to be issued as a condition of residence. In order to comply with federal regulations, the apartment complex underwent renovation beginning in November 2012. The renovation was completed in January 2014. Jenkins testified that appellant was never a legal resident at the apartment complex, but his mother lived in apartment number 2 until she had to relocate due to the renovation. Jenkins testified that appellant was living in the apartment illegally. She explained that because the housing was subsidized, appellant's mother could only have an overnight guest for a period of 30 days. After the 30-day period, appellant was required to move. On August 13, 2012, a

trespass warning was issued to appellant because he was living at the apartment illegally.

The jury found appellant guilty of failure to comply with sex-offender registration and assessed punishment at seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, appellant asserts the evidence is insufficient to support his conviction. Appellant argues the State did not prove he intentionally or knowingly failed to comply with the requirement that he report in person to the appropriate authority and provide the authority with appellant's anticipated move date and new address at least seven days prior to an anticipated change of address. Appellant challenges the State's proof that appellant intended to change his address.

In a sufficiency review, we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). The jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness's testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998). The jury reasonably may infer facts from the evidence presented, credit the witnesses it chooses to credit, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Reconciliation of conflicts in the evidence is within the jury's discretion. *Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). An appellate court may not reevaluate the weight and credibility of the evidence produced at trial or substitute its judgment for that of the jury. *King v. State*, 29

3

S.W.3d 556, 562 (Tex. Crim. App. 2000). Inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

When the indictment alleges that a defendant "intentionally and knowingly" failed to comply with a requirement of the sex-offender registration program, as in the present case, we review the record for evidence the defendant's failure was intentional or knowing. *See Tatum v. State*, 431 S.W.3d 839, 841 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). Proof of a culpable mental state generally relies on circumstantial evidence. *Lane v. State*, 763 S.W.2d 785, 787 (Tex. Crim. App. 1989) ("Establishment of culpable mental states is almost invariably grounded upon inferences to be drawn by the factfinder from the attendant circumstances."); *see also Varnes v. State*, 63 S.W.3d 824, 833 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Intent may be determined from a defendant's words, acts, and conduct, and "is a matter of fact to be determined from all of the circumstances." *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998); *see also Kelley v. State*, 429 S.W.3d 865, 872 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

Texas Code of Criminal Procedure article 62.102(a) states that a person commits an offense if the person is required to register and fails to comply with any requirement of Chapter 62 of the Texas Code of Criminal Procedure, entitled "Sex Offender Registration Program." Tex. Code Crim. Proc. Ann. art. 62.102(a). There are two alternative manners and means of violating the requirement

contained in Texas Code of Criminal Procedure section 62.055(a): (1) a person required to register intends to change address and fails to report in person, not later than the seventh day before the intended change, to the applicable authorities and to provide then with the person's anticipated move date and new address ("Failing to Report an Intended Move"); and (2) a person required to register changes address and fails to report in person to the applicable authority in the municipality or county in which the person's new residence is located, not later than the later of the seventh day after changing the address or the first date the applicable authority by policy allows the person to report, and fails to provide the authority with proof of identity and proof of residence ("Failing to Report an Actual Move"). *See* Tex. Code Crim. Proc. Ann. art. 62.055(a); *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). Although there was evidence that would support a conviction of appellant based on Failing to Report an Actual Move, appellant was charged only with intentionally and knowingly Failing to Report an Intended Move.

An individual acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a) (West 2013). An individual acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id*. § 6.03(b). An individual acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id*.

Appellant argues the State did not prove that he intended to move to a known new address; therefore, appellant claims the evidence is insufficient to support appellant's conviction based on Failing to Report an Intended Move. Appellant cites this court's opinion in *Green v. State*, 350 S.W.3d 617, 630–34

5

(Tex. App.—Houston [14th Dist.] 2011, pet. ref'd), in support of his argument. In *Green*, the defendant, similar to appellant in this case, was charged only with intentionally and knowingly Failing to Report an Intended Move. *Id.* at 631. Green lived in Texas, but worked in Arizona for extended periods of time. *Id.* at 633. Green's wife testified that while Green was working in Arizona, she moved to another address in Texas without telling Green, and took his possessions with her. *Id.* Under the legal-sufficiency standard of review, this court presumed that the jury did not believe the wife's testimony, which indicated that appellant had no intent to change his address that would require him to report his anticipated move date and new address. *Id.* Nonetheless, this court concluded that the evidence was legally insufficient to support a finding that appellant ever had an intent to change his address that triggered a duty to report under 62.055(a). *Id.* This court found the evidence legally insufficient despite evidence that, more than two weeks after the move, appellant reported to the applicable authority that he had moved from the prior address and was currently living at a different address. *See id.* at 619 (plurality op.); *id.* at 632–33 (majority op.). In concluding that the evidence was legally insufficient, this court noted as follows:

> There are various ways that a person's belongings can be moved out of a residence in the absence of that person intending to move. The testimony of Guthrie and Graham that appellant had moved out of the 602 Highland Avenue residence on or about April 15, 2007, is not evidence that appellant had an intent to move out during this time that he failed to report at least seven days before the date of the intended move.

*Id.* at 633.

In *Thomas v. State*, the defendant registered the address of an apartment leased by the daughter of his girlfriend. *Thomas*, 444 S.W.3d at 6. After a police officer contacted the property manager to ask if she was aware that Thomas lived

on the premises, the manager requested that local police officers issue a criminal trespass warning. *Id.* Ultimately, Thomas was given a trespass warning and arrested on other outstanding warrants. *Id.* When he was booked into the county jail, Thomas gave an address different than his registered address. *Id.* On June 25, 2012, after Thomas was released, a police officer went to this address and found Thomas there. *Id.* Thomas told the officer that he was living there and that he had updated his sex-offender registration address by a telephone call. *Id.* As in *Green* and the case under review, the defendant (Thomas) was charged only with Failing to Report an Intended Move. *Id.* at 10. Thomas appealed his conviction, and the court of appeals reversed, holding that the State did not prove that Thomas intended to change his address and that the evidence was insufficient to support a finding that Thomas intentionally or knowingly failed to register an intended change of address seven days before the intended change. *Thomas v. State*, 411 S.W.3d 685, 693 (Tex. App.—Texarkana 2013), *rev'd* 444 S.W.3d 4, 6 (Tex. Crim. App. 2014).

The Court of Criminal Appeals reversed the court of appeals, concluding that the evidence was legally sufficient to support Thomas's conviction based on Failing to Report an Intended Move. *See Thomas*, 444 S.W.3d at 6. The high court concluded that, because there was evidence that appellant was living at a new address as of June 25, 2012, the jury reasonably could have concluded that Thomas intended to change address on June 25, 2012, and that he violated article 62.055(a) by failing to report this intended address change on or before June 18, 2012. *See id.* at 10–11. In so holding, the *Thomas* court effectively abrogated the part of *Green* in which this court concluded that evidence the defendant was living at a different address at some point in time did not, by itself, justify a reasonable inference that the defendant ever had an intent to change his address that he failed to report not later than the seventh day before the date of the intended address change. *Compare*

7

*Thomas*, 444 S.W.3d at 10–11, *with Green* 350 S.W.3d at 633.

In the case under review, Officer Black testified that appellant registered 7601 Curry Rd., No. 2 as his address on July 24, 2012. On May 14, 2013, that apartment was vacant. The evidence is sufficient to support a finding that appellant was living at a new address as of January 3, 2013. Under *Thomas*, because there was evidence that appellant was living at a new address as of January 3, 2013, the jury reasonably could have concluded that appellant intended to change address on this date and that he violated article 62.055(a) by failing to report this intended address change on or before December 27, 2012. *See Thomas*, 444 S.W.3d at 10–11. Under this precedent, the evidence was legally sufficient to support appellant's conviction based on Failing to Report an Intended Move. *See id.* Accordingly, we overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
       Justice


Panel consists of Chief Justice Frost and Justices Jamison and Busby.
Publish —Tex. R. App. P. 47.2(b).