PD-0975-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/31/2015 10:32:20 AM
Accepted 9/1/2015 11:48:49 AM
ABEL ACOSTA
CLERK

**PD-0975-15**

# IN THE COURT OF CRIMINAL APPEALS OF
# THE STATE OF TEXAS

---

## CRAIG ANTHONY GILDER

*Appellant,*

### vs.

## THE STATE OF TEXAS

*Appellee*

---

Petition for Discretionary Review from the Fourteenth Court of Appeals
No. 14-14-00523-CR, affirming the conviction of Cause No. 1388541
177th District Court of Harris County, Texas
Honorable Ryan Patrick, Judge Presiding

---

**ALEXANDER BUNIN**
Chief Public Defender,
Harris County, Texas

---

**MELISSA MARTIN**
Assistant Public Defender
Harris County, Texas
TBN. 24002532
1310 Prairie, Suite 980
Houston, TX 77002
Phone: (713)274-6709
Fax: (713)437-4319
melissa.martin@pdo.hctx.net

**Attorney for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                   Craig Anthony Gilder
                                             SPN# 00291119
                                             1200 Baker
                                             Houston, TX 77002


TRIAL PROSECUTOR:                            Nathan P. Hennigan
                                             Assistant District Attorney
                                             Harris County Texas
                                             1201 Franklin St, 6th Floor
                                             Houston, TX 77002


DEFENSE COUNSEL AT TRIAL:                    Anthony Balderas, Jr.
                                             Attorney at Law
                                             10701 Corporate Dr Ste 185
                                             Houston, TX 77002


COUNSEL ON APPEAL FOR APPELLANT:             Melissa Martin
                                             Assistant Public Defender
                                             Harris County TX
                                             1201 Franklin St, 13th Floor
                                             Houston, TX 77002
                                             melissa.martin@pdo.hctx.net


PRESIDING JUDGE:                             Hon. Ryan Patrick
                                             177th District Court
                                             Harris County, TX
                                             1201 Franklin St, 19th Floor
                                             Houston, TX 77002

ii

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL..................................................................ii

TABLE OF CONTENTS........................................................................................iii

INDEX OF AUTHORITIES ................................................................................... iv

STATEMENT OF THE CASE ................................................................................ 1

STATEMENT OF PROCEDURAL HISTORY ............................................................ 1

STATEMENT REGARDING ORAL ARGUMENT..................................................... 1

GROUND FOR REVIEW ...................................................................................... 1

The Fourteenth Court of Appeals erred in affirming appellant's conviction. *Gilder v. State*, __S.W.3d __ , 2015 WL 3917924, 14-14-00523-CR. Mr. Gilder contends that this Court did not intend, its holding in *Thomas v. State*, 444 S.W.3d 4 (2014) to abrogate the intermediate court's holding in *Green v. State*, 350 S.W.3d 617 (Tex. App.—Houston [14th Dist.], 2012, pet ref'd.) Rather, appellant argues that *Thomas* is explicitly limited to its facts and the court of appeals incorrectly extended the reach of this Court's holding to include both *Green and Gilder.* This Court should review *Gilder* in order to clarify its position regarding the requirements set out in Art. 62.055(a) of the Texas Code of Criminal Procedure.

ARGUMENT

    A. BACKGROUND ....................................................................................... 2

    B. ANALYSIS............................................................................................... 4

    C. CONCLUSION ........................................................................................ 7

PRAYER ........................................................................................................... 7

CERTIFICATE OF SERVICE................................................................................. 8

CERTIFICATE OF COMPLIANCE ........................................................................ 9

APPENDIX

# INDEX OF AUTHORITIES

## Cases

*Gilder v. State*, __S.W.3d __ , 2015 WL 3917924, 14-14-00523-CR ..................................... 1, 3, 7

*Green v. State*, 350 S.W.3d 617 (Tex. App.—Houston [14th Dist.], 2012, pet ref'd.) ......... 1, 3, 7

*Thomas v. State*, 411 S.W.3d 685 (Tex. App.—Texarkana, 2014, pet. granted) ............................ 1

*Thomas v. State*, 444 S.W.3d 4 (2014) ................................................................ 1, 3, 4, 7

*Thomas v. State*, 454 S.W.3d 660 (Tex. App.—Texarkana, 2014, pet ref'd) ................................ 4

## Statutes

Tex. Code Crim. Proc. Art. 62.055(a) ....................................................................... 2, 7

## Statement of the Case

On June 26, 2014 Craig Gilder was convicted by a jury of failure to comply with a sex-offender registration requirement and sentenced to seven years' incarceration in the Institutional Division of the Texas Department of Criminal Justice (C.R. at 9, 88, and 92). Notice of appeal was filed June 26, 2014.

## Statement of Procedural History

Appellant's brief was filed on January 6, 2015, and his reply to the state's brief was filed on March 17, 2015. The First Court of Appeals affirmed the conviction on June 25, 2015. No motion for rehearing was filed.

## Statement Regarding Oral Argument

Appellant requests oral argument in this matter because there appears to be some ambiguity as to this Court's intention in reversing *Thomas v. State*, 411 S.W.3d 685 (Tex. App.—Texarkana, 2014, pet. granted)(hereafter, *Thomas 1)*. *Thomas v. State*, 444 S.W.3d 4 (2014)(hereafter, *Thomas 2)*. Argument could be helpful in resolving the confusion.

## Ground for Review

The Fourteenth Court of Appeals erred in affirming appellant's conviction. *Gilder v. State*, __S.W.3d __ , 2015 WL 3917924, 14-14-00523-CR. Mr. Gilder contends that this Court did not intend, its holding in *Thomas v. State*, 444 S.W.3d 4 (2014) to abrogate the intermediate court's holding in *Green v. State*, 350 S.W.3d 617 (Tex. App.—Houston [14th Dist.], 2012, pet ref'd.) Rather, appellant argues that *Thomas* is explicitly limited to

1

its facts and the court of appeals incorrectly extended the reach of this Court's holding to include both *Green and Gilder.* This Court should review *Gilder* in order to clarify its position regarding the requirements set out in Art. 62.055(a) of the Texas Code of Criminal Procedure.

## Argument

### A.    Background

The indictment in this case charged "[appellant] did then and there unlawfully, while a person with a reportable conviction for the offense of sexual assault, and while subjection to registration under the Texas sex offender registration program, and while intending to change his residential address, intentionally and knowingly fail[ed] to timely provide in person [his] anticipated move date and new address…at least seven days before the defendant *(sic)* change of address" (C.R. at 9).

Art. 62.055(a) provides two ways to comply with its requirements:

(a) If a person required to register under this chapter intends to change address, regardless of whether the person intends to move to another state, the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority … and provide the authority … with the person's anticipated move date and new address. If a person required to register changes address, the person shall, not later than the later of seven days after changing the address or the first date the applicable local law enforcement authority, by policy, allows the person to report, shall report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

Tex. Code Crim. Proc. Art 62.055(a).

2

The state chose to indict Mr. Gilder only for failing to comply with the first way. The state proved up a violation of the other way, which it did not plead. The *Green* court, under the same scenario, found a fatal variance between the indictment and the proof and acquitted Green on the basis of insufficient evidence that Green had ever intended to move to an anticipated address. *Green*, 350 S.W.3d at 624[1].

The state in *Thomas*, like in *Green* and *Gilder*, had alleged only the violation of the first means of complying with Art. 65.055(a). This Court followed the same steps the court of appeals took in analyzing *Green*:

> In this case … the indictment was not as broad as authorized by law because the State alleged a specific manner and means. As a result of specifying a specific statutory manner and means in the indictment, the "law as authorized by the indictment" in this case allowed the jury to convict Appellant only if he failed to report a change in address "not later that the seventh day before the intended change." Thus, the hypothetically correct jury charge *in this case* was one that authorized a jury to convict Appellant only if (1) he was required to register as a sex offender, and (2) he failed to report an anticipated change of address seven days before the intended change.

*Id* at 10 (citations omitted, emphasis in the original); *Green*, S.W.3d 620.

This Court decided the evidence in *Thomas* was legally sufficient and remanded to the court of appeals to consider whether the application paragraph permitting the jury to consider both manners and means of violating the requirements caused *Thomas*

---

[1] This opinion in *Green*, *supra*, was issued on remand to the court of appeals by this Court's opinion on review of the State's petition asking for review in light of *Brooks v. State*, which abolished factual sufficiency. The court of appeals, in the first appeal, had found the evidence factually insufficient to support the conviction. *Green*, 350 S.W.3d at 620.

egregious harm. *Thomas*, 444 S.W.3d at 11. On remand, the court of appeals found egregious harm; this Court refused the state's petition for review. *Thomas v. State*, 454 S.W.3d 660 (Tex. App.—Texarkana, 2014, pet ref'd)(hereafter *Thomas 3*).

**B.     Analysis**

In *Thomas 2*, this Court found the jurors, as the sole judges of credibility, were entitled to believe all or some of the testimony from the arresting officer and the defendant and to infer from their testimony that Thomas had intended to move to the address he did, in fact, move to and then failed to report the move seven days prior to moving. The jury found, however, that the date alleged in the indictment was not the correct date. This Court found that the "on or about" language in the indictment was sufficient to find the state's evidence legally sufficient to convict. *Thomas 2,* 444 S.W.3d at 10-11.

Thomas reported he lived at 1900 South Green Street, apartment 210, when he registered as a sex offender with the Longview authorities. An officer contacted the manager of the apartment building to inform her that a registered sex offender was living at the address; she asked that a criminal-trespass warrant be issued to Thomas. On April 3, 2012, officers delivered the warrant to him at the South Green Street address. At that time the apartment manager warned Thomas's girlfriend's daughter, the leaseholder, that she would be evicted if Thomas continued living there. *Thomas 2*, 444 S.W.3d at 6.

4

Officers arrested Thomas at that time for outstanding warrants. When he was booked into the jail, he listed his address at 1703 Houston Street. On June 13, an officer contacted Officer Brownlee, to inform him that Thomas was apparently living at an address different from the one he listed for the sex-offender registry. Brownlee testified that on June 25, 2012 he checked with the apartment manager to find out if Thomas was still at the South Green Street address; she told him he was not. Brownlee testified he then went to the Houston Street address, where he found Thomas. *Id.*

According to Brownlee, Thomas told him he was living at the Houston Street home and that he had called the authorities to notify them of the address change. Since the address change was required to be made in person and because the South Green was still his registered address, Brownlee arrested him on failure to comply with sex-offender registration requirements. *Id.*

Thomas testified that he had lied about living at Houston Street and that he had been living at South Green Street even after Brownlee encountered him at the Houston address; he stated he had lied about being at South Green Street to protect his girlfriend's daughter from being evicted. *Id* at 7.

This majority opinion (five to four) concluded that on this evidence, the jurors could have believed Brownlee's testimony that Thomas had told him he was living at Houston Street. The jurors had also been entitled to disbelieve the part of Thomas's testimony where he claimed he had lied about Houston Street. From that evidence jurors could have properly inferred his intent to live at Houston Street. *Id.* This makes

sense, because Thomas reported living at Houston Street to the jail on April 3, 2012 and was actually found there on June 25, 2012—he had another place to go at least as early as April 3, 2012.

These facts are quite different from those in Mr. Green's and Mr. Gilder's cases. In neither of those cases did the defendants testify and there was no evidence that they told anyone they had another address at the time they moved.

In Mr. Gilder's case, the testifying officer explained the reporting requirements as they were told to registrants—incorrectly--stating that all moves had to be reported seven days before the move. The apartment manager testified she had not known Mr. Gilder had been living in his mother's apartment until August 2012, when neighbors began to complain (4 R.R. at 50). She also testified had not seen Mr. Gilder after the criminal-trespass warrant was issued on August 13, but she had never seen him leave (4 R.R. at 50-51). She could not say when Mr. Gilder's mother actually vacated the apartment complex, due to upcoming renovations to the complex (4 R.R. at 45 and 47).

The state offered no evidence as to where the arresting officer found Mr. Gilder after he had determined no one was living at the apartment on the day he checked on Mr. Gilder. There is nothing from which the jurors could have inferred Mr. Gilder's intent to move prior to having done so or his having had an anticipated address to move to. There is no evidence about the date he moved. There is no evidence he had even had an address when he was arrested.

6

**Conclusion**

In *Thomas,* this Court made clear that the second part of 65.055(a) is a separate manner and means from the first one and that having pleaded only the first one, the state has limited itself to convicting on evidence of that only that manner and means. As further evidence the Court considers the statute provides two manners and means, the Court stated the *Thomas* jury should not have been permitted to consider the second manner and means included in the charge, leaving only the harm for the court of appeals to consider on remand.

The majority opinion by this Court in *Thomas* makes no mention of the *Green* case, which it refused to review on the state's petition. The *Thomas* Court carefully laid out the factual bases from which the jurors could infer Thomas's intent to move to an anticipated address. There is nothing in the opinion to indicate the Court was making a blanket statement that simply showing someone moved creates a permissible inference that he violated the first manner and means of the statute. The dissent by Justice Cochran, joined by Justices Price and Johnson, and with which Justice Womack concurred, discusses *Green*, yet the majority does not state an intent to abrogate that decision.

**Prayer**

Mr. Gilder asks this Court to review the court of appeals decision in *Gilder v. State* (attached as an Appendix) by allowing him to fully brief the issue, with argument, and ultimately remand to the court of appeals for appropriate action.

7

Respectfully Submitted,

**ALEXANDER BUNIN**
Harris County Public Defender

*/s/ Melissa Martin*

_____

**MELISSA MARTIN**
Assistant Public Defender
1201 Franklin, 13th Floor
Houston, TX 77002
Phone 713-274-6709
Fax 713-437-4319
Texas Bar No. 24002532
melissa.martin@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Petition for Discretionary Review was e-served to Alan Curry, Assistant District Attorney, Harris County Texas and to the State Prosecuting Attorney.

/s/Melissa Martin

_____

MELISSA MARTIN

8

# CERTIFICATE OF COMPLIANCE

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i).*

1.     Exclusive of the portions exempted by *Tex. R. App. Proc. 9.4 (i)(1)*, this brief contains 1,909 words printed in a proportionally spaced typeface.

2.     This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 12 point font in footnotes produced by Microsoft Word software.

3.     Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.     Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

*/s/ Melissa Martin*

_____

**MELISSA MARTIN**

2015 WL 3917924
Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN
RELEASED FOR PUBLICATION IN THE
PERMANENT LAW REPORTS. UNTIL RELEASED,
IT IS SUBJECT TO REVISION OR WITHDRAWAL.

Court of Appeals of Texas,
Houston (14th Dist.).

Craig Anthony Gilder, Appellant

v.

The State of Texas, Appellee

NO. 14–14–00523–CR    |
Opinion filed June 25, 2015

**Synopsis**
**Background:** Defendant was convicted in the 177th District Court, Harris County, of failure to comply with sex offender registration requirements, based on his failure to report intended move to new residence within seven days of move. Defendant appealed.

**[Holding:]** The Court of Appeals, Martha Hill Jamison, J., held that evidence was sufficient to support conviction.

Affirmed.

West Headnotes (5)

**[1]**   **Mental Health**
        Offenses and prosecutions
Evidence was sufficient to support finding that defendant's failure to report intended move to new address within seven days of move was intentional and knowing, as required to support conviction for failure to comply with sex offender registration requirements; officer conducted compliance check at apartment at address that defendant had registered, apartment was vacant due to renovation, and it had been vacant for five months when police officer conducted compliance check. Tex. Crim. Proc. Code Ann. art. 62.102(a).

Cases that cite this headnote

**[2]**   **Mental Health**
        Offenses and prosecutions
When the indictment alleges that a defendant "intentionally and knowingly" failed to comply with a requirement of the sex-offender registration program, the appellate court reviews the record for evidence that the defendant's failure was intentional or knowing.

Cases that cite this headnote

**[3]**   **Criminal Law**
        Circumstantial Evidence
        **Criminal Law**
        Relative strength of circumstantial and direct evidence
Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.

Cases that cite this headnote

**[4]**   **Criminal Law**
        Elements of offenses in general
Proof of a culpable mental state generally relies on circumstantial evidence.

Cases that cite this headnote

**[5]**   **Criminal Law**
        Intent
        **Criminal Law**
        Elements of offenses
Intent may be determined from a defendant's words, acts, and conduct, and is a matter of fact to be determined from all of the circumstances.

Cases that cite this headnote

# APPENDIX

**On Appeal from the 177th District Court, Harris County, Texas, Trial Court Cause No. 1388541**

**Attorneys and Law Firms**

Melissa Martin, for Craig Anthony Gilder.

Devon Anderson, Clinton Morgan, for the State of Texas.

Panel consists of Chief Justice Frost and Justices Jamison and Busby.

## OPINION

Martha Hill Jamison, Justice

**\*1** Appellant Craig Anthony Gilder appeals his conviction for failure to comply with a sex-offender registration requirement. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (West Supp.2014). In a single issue, he contends the evidence is legally insufficient to support his conviction because no rational juror could have found beyond a reasonable doubt that appellant committed the offense with the requisite culpable mental state. We affirm.

## BACKGROUND

In 1988, appellant was convicted of sexual assault, which subjected him to registration as a sex offender under article 62.102 of the Texas Code of Criminal Procedure. Officer C.R. Black of the Houston Police Department Sexual Compliance Unit testified that by being subject to sex-offender registration, appellant was required to register once a year. On May 14, 2013, at 10:30 in the morning, Black conducted a compliance check at appellant's registered address, 7601 Curry Rd., No. 2. Appellant had registered this address on July 24, 2012. The apartment appellant had listed as his residence was vacant; the apartment manager informed Black that the apartment complex was being renovated, which is why the apartment was vacant. A Sex Offender Compliance Report that was admitted into evidence at trial recites that this apartment was vacated on January 3, 2013. After finding the apartment vacant, Black determined that appellant was not registered at any other address in the State of Texas or the United States, and he was not in custody.

Andrea Jenkins, the apartment manager at 7601 Curry Rd., testified that the property was federally subsidized and required vouchers issued by the Department of Housing and Urban Development to be issued as a condition of residence. In order to comply with federal regulations, the apartment complex underwent renovation beginning in November 2012. The renovation was completed in January 2014. Jenkins testified that appellant was never a legal resident at the apartment complex, but his mother lived in apartment number 2 until she had to relocate due to the renovation. Jenkins testified that appellant was living in the apartment illegally. She explained that because the housing was subsidized, appellant's mother could only have an overnight guest for a period of 30 days. After the 30-day period, appellant was required to move. On August 13, 2012, a trespass warning was issued to appellant because he was living at the apartment illegally.

The jury found appellant guilty of failure to comply with sex-offender registration and assessed punishment at seven years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

## SUFFICIENCY OF THE EVIDENCE

[1] In his sole issue on appeal, appellant asserts the evidence is insufficient to support his conviction. Appellant argues the State did not prove he intentionally or knowingly failed to comply with the requirement that he report in person to the appropriate authority and provide the authority with appellant's anticipated move date and new address at least seven days prior to an anticipated change of address. Appellant challenges the State's proof that appellant intended to change his address.

**\*2** In a sufficiency review, we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Salinas v. State,* 163 S.W.3d 734, 737 (Tex.Crim.App.2005). The jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness's testimony. *Jones v. State,* 984 S.W.2d 254, 257 (Tex.Crim.App.1998). The jury reasonably may infer facts from the evidence presented, credit the witnesses it chooses to credit, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). Reconciliation of conflicts in the evidence is within the jury's discretion. *Losada v. State,* 721 S.W.2d 305, 309 (Tex.Crim.App.1986). An appellate

court may not reevaluate the weight and credibility of the evidence produced at trial or substitute its judgment for that of the jury. *King v. State,* 29 S.W.3d 556, 562 (Tex.Crim.App.2000). Inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex.Crim.App.2000). We do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.1993).

|2|   |3|   |4|   |5| When the indictment alleges that a defendant "intentionally and knowingly" failed to comply with a requirement of the sex-offender registration program, as in the present case, we review the record for evidence the defendant's failure was intentional or knowing. *See Tatum v. State,* 431 S.W.3d 839, 841 (Tex.App.–Houston [14th Dist.] 2014, pet. ref'd). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Sorrells v. State,* 343 S.W.3d 152, 155 (Tex.Crim.App.2011). Proof of a culpable mental state generally relies on circumstantial evidence. *Lane v. State,* 763 S.W.2d 785, 787 (Tex.Crim.App.1989) ("Establishment of culpable mental states is almost invariably grounded upon inferences to be drawn by the factfinder from the attendant circumstances."); *see also Varnes v. State,* 63 S.W.3d 824, 833 (Tex.App.–Houston [14th Dist.] 2001, no pet.). Intent may be determined from a defendant's words, acts, and conduct, and "is a matter of fact to be determined from all of the circumstances." *Smith v. State,* 965 S.W.2d 509, 518 (Tex.Crim.App.1998); *see also Kelley v. State,* 429 S.W.3d 865, 872 (Tex.App.–Houston [14th Dist.] 2014, pet. ref'd).

Texas Code of Criminal Procedure article 62.102(a) states that a person commits an offense if the person is required to register and fails to comply with any requirement of Chapter 62 of the Texas Code of Criminal Procedure, entitled "Sex Offender Registration Program." Tex. Code Crim. Proc. Ann. art. 62.102(a). There are two alternative manners and means of violating the requirement contained in Texas Code of Criminal Procedure section 62.055(a): (1) a person required to register intends to change address and fails to report in person, not later than the seventh day before the intended change, to the applicable authorities and to provide then with the person's anticipated move date and new address ("Failing to Report an Intended Move"); and (2) a person required to register changes address and fails to report in person to the applicable authority in the municipality or county in which the person's new residence is located, not later than the later

of the seventh day after changing the address or the first date the applicable authority by policy allows the person to report, and fails to provide the authority with proof of identity and proof of residence ("Failing to Report an Actual Move"). *See* Tex. Code Crim. Proc. Ann. art. 62.055(a); *Thomas v. State,* 444 S.W.3d 4, 9 (Tex.Crim.App.2014). Although there was evidence that would support a conviction of appellant based on Failing to Report an Actual Move, appellant was charged only with intentionally and knowingly Failing to Report an Intended Move.

*3 An individual acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a) (West 2013). An individual acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b). An individual acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.*

Appellant argues the State did not prove that he intended to move to a known new address; therefore, appellant claims the evidence is insufficient to support appellant's conviction based on Failing to Report an Intended Move. Appellant cites this court's opinion in *Green v. State,* 350 S.W.3d 617, 630–34 (Tex.App.–Houston [14th Dist.] 2011, pet. ref'd), in support of his argument. In *Green,* the defendant, similar to appellant in this case, was charged only with intentionally and knowingly Failing to Report an Intended Move. *Id.* at 631. Green lived in Texas, but worked in Arizona for extended periods of time. *Id.* at 633. Green's wife testified that while Green was working in Arizona, she moved to another address in Texas without telling Green, and took his possessions with her. *Id.* Under the legal-sufficiency standard of review, this court presumed that the jury did not believe the wife's testimony, which indicated that appellant had no intent to change his address that would require him to report his anticipated move date and new address. *Id.* Nonetheless, this court concluded that the evidence was legally insufficient to support a finding that appellant ever had an intent to change his address that triggered a duty to report under 62.055(a). *Id.* This court found the evidence legally insufficient despite evidence that, more than two weeks after the move, appellant reported to the applicable authority that he had moved from the prior address and was currently living at a different address. *See id.* at 619 (plurality op.); *id.* at 632–33 (majority

op.). In concluding that the evidence was legally insufficient, this court noted as follows:

> There are various ways that a person's belongings can be moved out of a residence in the absence of that person intending to move. The testimony of Guthrie and Graham that appellant had moved out of the 602 Highland Avenue residence on or about April 15, 2007, is not evidence that appellant had an intent to move out during this time that he failed to report at least seven days before the date of the intended move.

*Id.* at 633.

In *Thomas v. State,* the defendant registered the address of an apartment leased by the daughter of his girlfriend. *Thomas,* 444 S.W.3d at 6. After a police officer contacted the property manager to ask if she was aware that Thomas lived on the premises, the manager requested that local police officers issue a criminal trespass warning. *Id.* Ultimately, Thomas was given a trespass warning and arrested on other outstanding warrants. *Id.* When he was booked into the county jail, Thomas gave an address different than his registered address. *Id.* On June 25, 2012, after Thomas was released, a police officer went to this address and found Thomas there. *Id.* Thomas told the officer that he was living there and that he had updated his sex-offender registration address by a telephone call. *Id.* As in *Green* and the case under review, the defendant (Thomas) was charged only with Failing to Report an Intended Move. *Id.* at 10. Thomas appealed his conviction, and the court of appeals reversed, holding that the State did not prove that Thomas intended to change his address and that the evidence was insufficient to support a finding that Thomas intentionally or knowingly failed to register an intended change of address seven days before the intended change. *Thomas v. State,* 411 S.W.3d 685, 693 (Tex.App.–Texarkana 2013), *rev'd* 444 S.W.3d 4, 6 (Tex.Crim.App.2014).

**\*4** The Court of Criminal Appeals reversed the court of appeals, concluding that the evidence was legally sufficient to support Thomas's conviction based on Failing to Report an Intended Move. *See Thomas,* 444 S.W.3d at 6. The high court concluded that, because there was evidence that appellant was living at a new address as of June 25, 2012, the jury reasonably could have concluded that Thomas intended to change address on June 25, 2012, and that he violated article 62.055(a) by failing to report this intended address change on or before June 18, 2012. *See id.* at 10–11. In so holding, the *Thomas* court effectively abrogated the part of *Green* in which this court concluded that evidence the defendant was living at a different address at some point in time did not, by itself, justify a reasonable inference that the defendant ever had an intent to change his address that he failed to report not later than the seventh day before the date of the intended address change. *Compare Thomas,* 444 S.W.3d at 10–11, *with Green* 350 S.W.3d at 633.

In the case under review, Officer Black testified that appellant registered 7601 Curry Rd., No. 2 as his address on July 24, 2012. On May 14, 2013, that apartment was vacant. The evidence is sufficient to support a finding that appellant was living at a new address as of January 3, 2013. Under *Thomas,* because there was evidence that appellant was living at a new address as of January 3, 2013, the jury reasonably could have concluded that appellant intended to change address on this date and that he violated article 62.055(a) by failing to report this intended address change on or before December 27, 2012. *See Thomas,* 444 S.W.3d at 10–11. Under this precedent, the evidence was legally sufficient to support appellant's conviction based on Failing to Report an Intended Move. *See id.* Accordingly, we overrule appellant's sole issue on appeal.

We affirm the trial court's judgment.

**All Citations**

--- S.W.3d ----, 2015 WL 3917924

---

 © 2015 Thomson Reuters. No claim to original U.S. Government Works.