**Affirmed and Memorandum Opinion filed December 18, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00966-CR

---

**LUIS LIMONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 2110250**

---

## M E M O R A N D U M   O P I N I O N

Appellant Luis Limones appeals his conviction for the misdemeanor offense of failure to stop and give information following an accident involving damage to a vehicle and his sentence of ninety days in the Harris County Jail. Appellant challenges the judgment on the following grounds: (1) the evidence is insufficient to support his conviction; (2) the trial court improperly enhanced his punishment based on a prior offense unsupported by the charging instrument or the evidence, which resulted in a failure to consider the full and correct punishment range; (3) his

trial counsel was ineffective for not objecting to the trial court's failure to consider the full and correct punishment range; (4) the complaint supporting the charging instrument is invalid; and (5) the charging instrument is insufficient.

Concluding that none of appellant's issues have merit, we affirm.

## Background

The morning of September 6, 2016, appellant made a right turn in his black Honda Accord and struck the complainant's vehicle on the passenger side between the doors. The complainant made eye contact with appellant, and appellant signaled that he would pull over to the side of the road. Instead, however, appellant sped away without stopping. The complainant followed appellant—never losing sight of him—and called 911 to report the collision and appellant's license plate number. Appellant drove to his residence on a nearby street and parked his car behind the house. The complainant parked on the street near the house and waited for the police to arrive. About twenty-five minutes later, the complainant saw appellant—now wearing a beanie and a change of clothing—drive away from the house in a different vehicle.

After appellant left, Harris County Sheriff's Department Deputy Brian Bevil arrived at the house to investigate the incident. While the complainant was speaking to Bevil on the street outside the residence, she saw appellant return to the home. Bevil detained appellant, and the complainant identified appellant as the man driving the car that hit her vehicle. Bevil saw a black Honda Accord parked behind the home that matched the description the complainant reported to the 911 operator. According to Bevil, damage to the Accord was consistent with the complainant's account of the collision.

2

At trial, appellant admitted owning a black Honda Accord but claimed that he had not been involved in a collision with the complainant. According to appellant, he was dropping his children off at school at the time of the collision, after which he returned home where police detained him. Appellant stated that he had never met the complainant before but could not explain why the complainant had described his car (including his license plate number) to the 911 operator following the collision, or why the complainant would have followed the car to appellant's home if appellant had not struck her vehicle. According to appellant, the complainant and the responding officer must have lied when they testified that they had observed damage to his black Honda Accord on the day of the collision.

After hearing the evidence and argument of counsel, a jury found appellant guilty of failure to stop and give information after an accident involving damage to a vehicle.[1] During the punishment hearing before the bench, the trial judge accepted appellant's signed stipulation of evidence, in which appellant stipulated to the following previous offenses:

1. On MAY 2, 2006, in the 179th DISTRICT COURT of Harris County, Texas, in Cause Number 1041817, the Defendant was finally convicted of the misdemeanor offense of ASSAULT OF A FAMILY MEMBER.

2. On NOVEMBER 8, 1999, in the COUNTY CRIMINAL COURT AT LAW NO. 14 of Harris County, Texas, in Cause Number 9938161, the Defendant was finally convicted of the misdemeanor offense of HARASSING COMMUNICATION.

3. On NOVEMBER 8, 1999, in the COUNTY CRIMINAL COURT AT LAW NO. 14 of Harris County, Texas, in Cause Number 9932728, the Defendant was finally convicted of the misdemeanor offense of HARASSING COMMUNICATION.

---

[1] *See* Tex. Transp. Code § 550.022.

3

4. On January 25, 1993, in the COUNTY CRIMINAL COURT AT LAW NO. 13 of Harris County, Texas, in Cause Number 9300604, the Defendant was finally convicted of the misdemeanor offense of TERRORISTIC THREAT.

5. On OCTOBER 16, 1991, in the COUNTY CRIMINAL COURT AT LAW NO. 11 of Harris County, Texas, in Cause Number 9125370, the Defendant was finally convicted of the misdemeanor offense of ASSAULT – BODILY INJURY.

6. On SEPTEMBER 20, 1988, in the 263rd DISTRICT COURT of Harris County, Texas, in Cause Number 0505080, the Defendant was finally convicted of the FELONY offense of UNAUTHORIZED USE OF A MOTOR VEHICLE.

7. On SEPTEMBER 20, 1988, in the 263rd DISTRICT COURT of Harris County, Texas, in Cause Number 0505081, the Defendant was finally convicted of the FELONY offense of CRIMINAL MISCHIEF.

8. On SEPTEMBER 20, 1988, in the 263rd DISTRICT COURT of Harris County, Texas, in Cause Number 0505082, the Defendant was finally convicted of the FELONY offense of CRIMINAL MISCHIEF.

9. On SEPTEMBER 28, 1988, in the COUNTY CRIMINAL COURT AT LAW NO. 13 of Harris County, Texas, in Cause Number 8816333, the Defendant was finally convicted of the misdemeanor offense of RECKLESS CONDUCT.

10. On SEPTEMBER 20, 1988, in the 263rd DISTRICT COURT of Harris County, Texas, in Cause Number 0490449, the Defendant was finally convicted of the FELONY offense of AGGRAVATED ASSAULT.

11. On SEPTEMBER 20, 1988, in the 263rd DISTRICT COURT of Harris County, Texas, in Cause Number 0490450, the Defendant was finally convicted of the FELONY offense of CRIMINAL MISCHIEF.

12. On JULY 1, 1987, in the COUNTY CRIMINAL COURT AT LAW NO. 01 of Harris County, Texas, in Cause Number 0946919, the Defendant was finally convicted of the misdemeanor offense RECKLESS CONDUCT.

13. On JULY 5, 1984, in the 338th DISTRICT COURT of Harris County, Texas, in Cause Number 0404003, the Defendant was finally convicted of the FELONY offense of FORGERY BY UTTERING.

14. On JANUARY 10, 1983, in the COUNTY CRIMINAL COURT AT LAW NO. 05 of Harris County, Texas, in Cause Number 0687679, the Defendant was finally convicted of the misdemeanor offense of POSSESSION OF MARIHUANA.

15. On JANUARY 10, 1983, in the COUNTY CRIMINAL COURT AT LAW NO. 05 of Harris County, Texas, in Cause Number 0687680, the Defendant was finally convicted of the misdemeanor offense of UNLAWFUL CARRYING OF A WEAPON.

Appellant also pleaded true to an enhancement paragraph, which alleged that before commission of the instant offense, appellant was convicted of the May 2, 2006 misdemeanor assault offense listed in the stipulation. After considering the evidence—the stipulated evidence, as well as the testimony of two character witnesses for appellant—the trial court sentenced appellant to ninety days in the Harris County Jail.

This appeal timely followed.

## Analysis

### A. Sufficiency of the Evidence

In his first issue, appellant asserts that his conviction is supported by insufficient evidence because the state did not prove that he failed to return to the accident scene.

When addressing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the verdict, any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). Thus, we will uphold the

5

jury's verdict unless a rational factfinder must have had a reasonable doubt as to any essential element. *Guzman v. State*, 552 S.W.3d 936, 941-42 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (citing *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); *West v. State*, 406 S.W.3d 748, 756 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd)). We presume the jury resolved any conflicting inferences from the evidence in favor of the verdict, and we do not substitute our judgment for that of the jury; jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *See Merritt v. State*, 368 S.W.3d 516, 525-26 (Tex. Crim. App. 2012); *Gilder v. State*, 469 S.W.3d 636, 638 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

Evidentiary sufficiency should be measured by the elements of the offense as defined by a hypothetically correct jury charge—a charge that "accurately sets out the law, is authorized by the [information], does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see also Ramjattansingh v. State*, 548 S.W.3d 540, 546 (Tex. Crim. App. 2018). Further, when a charging instrument alleges alternative means for the commission of an offense, the conviction will stand if the evidence supports any of the theories alleged. *See, e.g.*, *Kitchens v. State*, 823 S.W.2d 256, 258-59 (Tex. Crim. App. 1991); *Teamer v. State*, 429 S.W.3d 164, 169-70 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Texas law provides that

the operator of a vehicle involved in an accident resulting only in damage to a vehicle that is driven or attended by a person shall:

(1) immediately stop the vehicle at the scene of the accident or as close as possible to the scene of the accident without obstructing traffic more than is necessary;

(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and

(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.[2]

Tex. Transp. Code § 550.022(a); *see also Birdwell v. State*, 10 S.W.3d 74, 79 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

The information in this case alleged that appellant was involved in an accident that resulted in damage to a vehicle driven by the complainant and that appellant "failed to stop his vehicle at the scene of the accident . . . , failed to return to the scene of said accident, and failed to remain at the scene of said accident" until he provided his name and address to the complainant. Appellant contends that the State's failure to allege in the information that he did not "immediately" return to the scene renders the evidence insufficient because "there is simply no evidence in the record that [appellant] did not return to the accident scene at all." Appellant acknowledges, however, that the evidence sufficiently shows that he failed to stop at the accident scene. Further, it is undisputed that appellant did not provide his name and address to the complainant.

The information alleged that appellant violated the statute by failing to stop *and* by failing to provide certain requisite statutory information. *See* Tex. Transp. Code § 550.022(c) (explaining that a person commits an offense "if the person does not stop or does not comply with the requirements of Subsection (a)"). It is undisputed in today's case that appellant failed to provide the requisite information. *See Birdwell*, 10 S.W.3d at 79-80 & n.7 ("Appellant was required by law to *both* stop *and* provide information and was charged with the failure to do *both*. It was not necessary for the State to prove that he failed to do *each*."); *see also St. Clair v.*

---

[2] Under Section 550.023, the vehicle operator is required to provide, along with other information, his or her name and address. *See* Tex. Transp. Code § 550.023.

*State*, 26 S.W.3d 89, 98-99 (Tex. App.—Waco 2000, pet. ref'd) (overruling sufficiency challenge to conviction for failure to stop and render aid under similarly worded Tex. Transp. Code § 550.021(a) where appellant failed to challenge *both* alleged means of committing offense). Because appellant has not challenged the evidence to support his conviction based on his failure to provide the requisite statutory information, his evidentiary sufficiency challenge fails. *See St. Clair*, 26 S.W.3d at 98-99.

Moreover, based on the evidence described above, the jury could have believed the complainant's testimony that appellant's car struck her vehicle and she followed appellant to his home after the accident. From this evidence, including appellant's flight from the accident scene, a jury rationally could infer that appellant did not intend to stop and provide his information. Appellant denied involvement in any accident with the complainant, but the jury could have rejected appellant's testimony. The jury also could have accepted some portions of appellant's testimony as partial truth. *See Gilder*, 469 S.W.3d at 638 (jury may believe or disbelieve any or all of a witness's testimony). For instance, a rational juror could have disbelieved appellant's denial of involvement in the accident but accepted his testimony that he drove to his children's school—not the accident scene—when he left his house in a different car before returning and being detained. Thus, the jury could have found beyond a reasonable doubt that appellant never returned to the accident scene and, for that independent reason, was guilty as charged in the information.

For the foregoing reasons, we conclude that legally sufficient evidence supports appellant's conviction. We overrule his first issue.

## B. Punishment Enhancement

In his second issue, appellant asserts that the trial court erred by enhancing his punishment based on the misdemeanor offense alleged in the information. He

contends in his contingent third issue that the trial court failed to consider the full punishment range. In his fourth issue, appellant complains his counsel was ineffective by not objecting to the trial court's failure to consider the full punishment range. Because we conclude that the trial court did not err by relying on the enhancing offense pleaded in the information in determining appellant's punishment, we overrule all three interrelated issues.

We apply a legal sufficiency analysis in reviewing punishment enhancement issues. *Jordan v. State*, 256 S.W.3d 286, 289 (Tex. Crim. App. 2008); *Young v. State*, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000). We measure the evidentiary sufficiency by the hypothetically correct jury charge. *Young*, 14 S.W.3d at 753. A defendant found guilty of a Class B misdemeanor is subject to confinement in jail for a term not to exceed 180 days. *See* Tex. Penal Code § 12.22. But, if the State shows on the trial of a Class B misdemeanor that a defendant has previously been convicted of a Class A or Class B misdemeanor or any felony offense, a defendant may be confined for a term of not less than 30 days or more than 180 days. *See id.* § 12.43(b)(2).

The State alleged in the charging instrument that, before the commission of this offense, "on MAY 2, 2006, in cause No. 101817, in the 179th DISTRICT COURT of HARRIS County, Texas, the Defendant was convicted of the MISDEMEANOR OFFENSE OF ASSAULT." Appellant pleaded "true" to this enhancing allegation. Further, as described above, appellant stipulated that he committed this offense, among numerous other felony and misdemeanor offenses.

Appellant contends that the State's failure to denote that the enhancing offense alleged is a Class A or Class B misdemeanor means that this offense may not be used to enhance his punishment. But "[i]t is well settled that it is not necessary to allege prior convictions for enhancement purposes with the same particularity that

9

must be used in charging the primary offense." *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); *see also Cole v. State*, 611 S.W.2d 79, 80 (Tex. Crim. App. [Panel Op.] 1981). Instead, in alleging a prior conviction for punishment enhancement, the allegations are sufficient if they include the court in which the conviction was obtained, the conviction date, and the nature of the offense. *Cole*, 611 S.W.2d at 80. This is so because the purpose of the enhancement allegation is to give the defendant notice of the earlier conviction so that he can prepare a defense.[3] *See, e.g.*, *Roberson v. State*, 420 S.W.3d 832, 839 (Tex. Crim. App. 2013). As shown above, the State provided the required details regarding the enhancing offense in the information. Appellant cites no authority to support his proposition that the State must provide more information than what was included here.[4]

Moreover, appellant pleaded "true" to the enhancing allegation. A plea of "true" generally satisfies the State's burden of proving an enhancement allegation. *Wood v. State*, 486 S.W.3d 583, 588-89 (Tex. Crim. App. 2016). However, if the record affirmatively reflects that the enhancement itself is improper, then a defendant does not forfeit his right to challenge the legality of his sentence and may challenge the evidentiary sufficiency to prove the prior conviction. *See Ex parte Rich*, 194 S.W.3d 508, 513-14 (Tex. Crim. App. 2006) (permitting habeas applicant

---

[3] Appellant does not claim that he lacked notice of the enhancing conviction or that he was misled by any error. *See, e.g.*, *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

[4] Appellant acknowledges that his "additional prior convictions would have been enough to enhance the punishment for [his] Class B misdemeanor offense." *See* Tex. Penal Code § 12.43. However, he asserts that consideration of these additional convictions would result in a discrepancy between the information allegation and the evidence, resulting in a variance. But such a variance, assuming it exists, is material and fatal only if the defendant shows surprise or prejudice. *See Freda v. State*, 704 S.W.2d 41, 42-43 (Tex. Crim. App. 1986); *Williams v. State*, 980 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *see also Kitchen v. State*, No. 01-17-00173-CR, 2018 WL 1630296, at *4-5 (Tex. App.—Houston [1st Dist.] Apr. 5, 2018, pet. ref'd) (mem. op., not designated for publication). Appellant stipulated to these numerous additional convictions; thus, we cannot say that appellant could claim surprise or prejudice had the State used one of these other offenses as the enhancing offense.

to challenge illegal sentence even though he pleaded true to enhancing paragraph where record reflected that prior "felony" conviction had been reduced to misdemeanor, which was not appropriate for enhancement purposes). But the record in this case does not affirmatively reflect that the prior conviction *could not* be used for enhancement purposes; instead, it reflects only that this particular offense *may not* have been proper for enhancement purposes. In other words, the trial court would have erred in relying on this offense for enhancing appellant's sentence only if this conviction were for a Class C misdemeanor, a detail that our record does not reflect. *See Hopkins v. State*, 487 S.W.3d 583, 586-87 (Tex. Crim. App. 2016) ("After relieving the State of its burden by pleading 'true' to the enhancements, to prevail Appellant had to show that the record affirmatively reflected that the enhancements were improper. However, as in *Roberson*, not only does Appellant fail to direct us to any record evidence affirmatively showing that the enhancements were improper, the record actually supports the enhancement allegations."); *cf. Sanders v. State*, 785 S.W.2d 445, 448 (Tex. App.—San Antonio 1990, no pet.) (appellant was improperly enhanced to habitual offender status because the record affirmatively showed that the appellant's predicate conviction was not final before the commission of the primary offense). Further, appellant was not illegally sentenced in this case; his ninety days' confinement is within that authorized for the Class B misdemeanor offense for which he was convicted. *See* Tex. Penal Code § 12.22 (Class B misdemeanor may carry sentence of up to 180 days confinement). Thus, the exception identified in *Rich* does not apply here. *See Ex parte Rich*, 194 S.W.3d at 511-12.

For the foregoing reasons, appellant has not demonstrated that the trial court erred in enhancing his punishment based on the enhancing allegation contained in the information. We overrule his second, third, and fourth issues.

11

## C.    Complaint Validity

In his fifth issue, appellant argues that the complaint underlying the information is invalid because the person who signed the complaint has not been shown credible.[5]  More specifically, he asserts that "[b]ecause there is no evidence the complaint was signed by a credible person, the information should never have been presented. . . .  Thus, because presentation of the information to the court was erroneous, the trial court never obtained jurisdiction of the case.  Consequently, the judgment of conviction is void."

Appellant acknowledges that this court "may feel compelled to reject this argument" because of contrary precedent from the Texas Court of Criminal Appeals.  *See Ramirez v. State*, 105 S.W.3d 628, 629-30 (Tex. Crim. App. 2003); *Aguilar v. State*, 846 S.W.2d 318, 320 (Tex. Crim. App. 1993) (en banc); *Woods v. State*, 499 S.W.2d 328 (Tex. Crim. App. 1973).  Appellant is correct.

In 1985, the Texas Constitution was amended to provide, in part, that the presentment of an indictment or information vests the trial court with jurisdiction of the cause.  Tex. Const. art. V, § 12(b).  Thus, "under the explicit terms of the constitution itself, the mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, *regardless of any defect that might exist in the underlying complaint*."  *Aguilar*, 846 S.W.2d at 320 (emphasis added); *see also Ramirez*, 105 S.W.3d at 629-30 ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity, and he may not raise the objection on appeal or in any other postconviction proceeding."); *Woods*, 499

---

[5] Appellant did not object to any alleged defects in the complaint or information in the trial court.

S.W.2d at 329 (explaining that complaint need not allege that affiant is a credible person; any challenge to complaint on this basis must be made in trial court).

As an intermediate appellate court, we are bound to follow the Texas Court of Criminal Appeals' decisions. *Cervantes-Guervera v. State*, 532 S.W.3d 827, 832 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *LeBlanc v. State*, 138 S.W.3d 603, 606 (Tex. App.—Houston [14th Dist.] 2004, no pet.). When the Court of Criminal Appeals "has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation." *Mayer v. State*, 494 S.W.3d 844, 848 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). The Court of Criminal Appeals has unequivocally decided this issue against appellant's position, as appellant acknowledges.

Having been presented with the subject information, the trial court was vested with jurisdiction over appellant and his conviction is not void. *See Ramirez*, 105 S.W.3d at 629-30; *Aguilar*, 846 S.W.2d at 320. We overrule appellant's fifth issue.

## D. Information Sufficiency

In his sixth and final issue, appellant asserts that the information is insufficient in this case because it was filed on the same date that the offense is alleged to have occurred.[6] He claims that this timing renders the information defective because the date alleged in the indictment is not anterior to the filing of the information as required by the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 21.21(6).

Appellant presents another issue that the Court of Criminal Appeals has rejected. In *Hopkins v. State*, 46 S.W.3d 896, 898 (Tex. Crim. App. 2001), the court

---

[6] The information, which was filed on September 6, 2016, alleges that appellant "heretofore on or about SEPTEMBER 6, 2016, did then and there unlawfully while driving and operating a vehicle, was involved in an accident resulting only in damage to another vehicle. . . ."

held that "the State sufficiently alleged that the offense occurred prior to the filing of the information" even though the State filed the information on the same date that the offense was alleged to have been committed. As we note *supra*, we are bound by Court of Criminal Appeals precedent.

Thus, we overrule appellant's sixth issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Donovan, Wise, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).