PD-1677-15

PD-1677-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/29/2015 3:13:28 PM
Accepted 12/29/2015 4:09:19 PM
ABEL ACOSTA
CLERK

# NO. PD-_____

## IN THE
## COURT OF CRIMINAL APPEALS OF TEXAS

# JOSEPH FORD

Appellant

v.

# STATE OF TEXAS

Appellee

# APPELLANT'S PETITION
# FOR DISCRETIONARY REVIEW

Petition from the 19th Judicial District Court of McLennan County, Texas
Trial Court Cause Number 2013-1178-C1 and
Cause Number **10-14-00335-CR**
in the Tenth Court of Appeals of Texas

**Chelsea Tijerina**
State Bar No. 24076733
E-mail: attorneychelsea@gmail.com

**LAW OFFICE OF SIMER & TETENS**
3706 Bellmead Drive
Waco, Texas 76705
(254) 412-2300
(888) 317-7610—Facsimile

FILED IN
COURT OF CRIMINAL APPEALS

December 29, 2015

ABEL ACOSTA, CLERK

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

Appellant, pursuant to Rule of Appellate Procedure 38.1(a), provides the following list of all parties to the trial court's judgment and the names and addresses of all trial and appellate counsel.

Appellant:

**Joseph Clyde Ford**
TDCJ # 01963106
Hutchins State Jail
1500 East Langdon Road
Dallas, Texas 75241

Trial Court Judge:

**Hon. Ralph Strother**
19th Judicial District Court Judge
McLennan County Courthouse
501 Washington Avenue – Suite 303
Waco, Texas 76701
Telephone: 254-757-5081

Trial Counsel for Appellant:

**Josh Tetens; Chelsea Tijerina**
Simer, Tetens & Fanning
3706 Bellmead Drive
Waco, Texas 76705
Telephone: 254-412-2300

Appellate Counsel for Appellant:

**Chelsea Tijerina**
Simer, Tetens & Fanning
3706 Bellmead Drive
Waco, Texas 76705
Telephone: 254-412-2300

Trial Counsel for State:

**Amanda Dillon**
McLennan County District Attorney's Office
219 North 6th Street, Suite 200
Waco, Texas 76701

Appellate Counsel for State:

**Sterling Harmon; Gabriel Price**
McLennan County District Attorney's Office
219 North 6th Street, Suite 200
Waco, Texas 76701

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. ....................................................... 1

INDEX OF AUTHORITIES............................................................................. 4

STATEMENT REGARDING ORAL ARGUMENT........................................... 5

STATEMENT OF THE CASE......................................................................... 5

ISSUE

The Tenth Court of Appeals erred in
finding the evidence legally sufficient. ........................................................7

REASON FOR REVIEW

The Tenth Court of Appeals disregarded case law from this Court
and sister courts of appeal to find the evidence legally sufficient..................7

ARGUMENT. ................................................................................................8

    I. Factual Basis. ......................................................................................9

    II. Case Law. .........................................................................................10

    III. Conclusion. ......................................................................................14

PRAYER FOR RELIEF.................................................................................15

CERTIFICATE OF SERVICE. ......................................................................15

CERTIFICATE OF COMPLIANCE. ..............................................................16

APPENDIX:        *Ford v. State*, 2015 Tex. App. LEXIS 11483 (Tex. App.—Waco November 5, 2015) (mem. op., not designated for publication).

# INDEX OF AUTHORITIES

**Texas Cases:**                                                                              Page No.

*Dotie v. State*, 2015 Tex. App. LEXIS 10046
(Tex. App.—Texarkana September 25, 2015). ................................................7, 11

*Gilder v. State*, 469 S.W.3d 636 (Tex. App.—Houston [14th Dist.] 2015)........7, 11

*Green v. State*, 350 S.W.3d 617, 621–23
(Tex. App.—Houston [14th Dist.] pet ref'd), *overruled* by
*Thomas v. State*, 444 S.W.3d. 4 (Tex. Crim. App. 2014)........................................10

*Thomas v. State*, 444 S.W.3d 4 (Tex. Crim. App. 2014)................... 7, 10, 11, 13, 14


**State Statutes:**                                                                           Page No.

Tex. Code Crim. Proc. art. 62.055........................................... 5, 6, 8, 11, 12, 13, 14

Tex. R. App. P. 4.1.................................................................................................7

## STATEMENT REGARDING ORAL ARGUMENT

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Appellant requests oral argument as it would benefit this Honorable Court.

## STATEMENT OF THE CASE

This is a criminal case in which Joseph Ford was convicted of failure to register as a sex offender (enhanced), a third degree felony enhanced to a second degree felony. [1] In Cause Number 2013-1178-C1, Mr. Ford was indicted as follows:

> "JOSEPH CLYDE FORD, hereinafter called Defendant, on or about the 28th day of March, A.D. 2013 in [McLennan County, Texas] did then and there, being a person with a reportable conviction for and while required to comply with the registration requirements of the Sex Offender Registration Program Chapter 62, of the Texas Code of Criminal Procedure, and having a duty to verify registration annually for Life with the local law enforcement authority and having a duty to report change of address with the local law enforcement authority, namely the Waco Police Department, the law enforcement authority where the Defendant had last registered, did intentionally and knowingly and recklessly fail to report, in person, to the above named law enforcement authority and provide the Defendant's anticipated move date and new address as required by the Texas Code of Criminal Procedure, Article 62.055, not later than the seventh day before the intended change." [2]

The State further alleged the following in an enhancement allegation:

> "[P]rior to the commission of the primary offense, on the 22nd day of

---

[1] (I C.R. at 128–129).
[2] (I C.R. at 6–7).

December, 2011, in the 19th District Court of McLennan County, Texas, in Cause Number 2008-190-C1, the said JOSEPH CLYDE FORD was convicted of a felony, to-wit: Failure to Comply with Sex Offender Registration (Enhanced), and the said conviction became final prior to the commission of the primary offense."[3]

The case was tried to the Honorable Judge Ralph Strother on September 24, 2014 in the 19th District Court.[4] The honorable judge found Appellant guilty of the offense of failure to register as a sex offender (enhanced).[5] Appellant pled true to the enhancement allegation[6] and the Court found that Appellant had been previously convicted of failure to register as a sex offender (enhanced).[7] Appellant elected that the judge assess punishment and the judge sentenced Appellant to twenty years in the Texas Department of Criminal Justice – Institutional Division.[8]

Appellant timely filed a Notice of Appeal on September 25, 2014.[9] On appeal, the Tenth Court of Appeals found the evidence legally sufficient to establish that Appellant failed to report a change in address "not later than the seventh day before the intended change" and denied Appellant's sole issue.[10]

---

[3] (I C.R. at 6–7).
[4] (I C.R. at 6–7).
[5] (I C.R. at 6–7).
[6] (1 R.R. at 24).
[7] (I C.R. at 6–7).
[8] (I C.R. at 6–7).
[9] (I C.R. at 135).
[10] *Ford v. State*, 2015 Tex. App. LEXIS 11483, at *6 (Tex. App.—Waco November 5, 2015) (mem. op., not designated for publication); TEX. CODE CRIM. PROC. art 62.055(a).

Thereafter, the Tenth Court denied Appellant's Motion for Rehearing on December 2, 2015. Appellant's Petition for Discretionary Review is due on or before January 4, 2015.[11]

## ISSUE

The Tenth Court of Appeals erred in finding the evidence legally sufficient to establish that Appellant failed to report a change in address not later than the seventh day before the *intended* change.

## REASONS FOR REVIEW

The Tenth Court of Appeals' decision in this case departs from this Honorable Court's decision in *Thomas v. State*.[12] Furthermore, the Tenth Court of Appeals' decision conflicts with decisions from sister courts of appeal.[13]

---

[11] The last day of the period to file Appellant's Petition for Discretionary Review falls on Friday, January 1, 2016, a legal holiday; therefore, the period is extended to Monday, January 4, 2016. TEX. R. APP. P. 4.1.

[12] 444 S.W.3d 4 (Tex. Crim. App. 2014).

[13] *Dotie v. State*, 2015 Tex. App. LEXIS 10046 (Tex. App.—Texarkana September 25, 2015); *Gilder v. State*, 469 S.W.3d 636 (Tex. App.—Houston [14th Dist.] 2015).

## ARGUMENT

To support its conviction for failure to register as a sex offender in this case, the State was required to prove that Appellant (1) was required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure but (2) failed to comply with Article 62.055(a) of the Texas Code of Criminal Procedure by failing to report a change of address "not later than the seventh day before the intended change."[14]

The State failed to establish that Mr. Ford moved from the homeless shelter at which he was registered to a different address. Rather, the State's change of address evidence consisted solely of vague references to a "tent city." Additionally, the State failed to present any evidence that law enforcement ever located Mr. Ford at his alleged new "tent city" residence on any specific date. Nonetheless, the Tenth Court of Appeals found sufficient evidence that Appellant failed to report an intended change of address.

---

[14] *Ford*, at *4–5 (citing TEX. CODE CRIM. PROC. art. 62.055(a)). In Mr. Ford's case, the indictment specified a statutory manner of means; therefore, the "law as authorized by the indictment" allowed a conviction only if Mr. Ford "failed to report a change in address 'not later than the seventh day before the intended change."

## I.     Factual Basis

The Tenth Court of Appeals set forth the following facts in its opinion:

Betty Wilson, with the Waco Police Department, testified that Ford completed a sex offender registration form January 25, 2012. On that form, Ford listed his residence as 1217 Mary, Waco, Texas. That address is the location for a shelter, My Brother's Keeper. On October 17, 2012, Ford again registered his address with the Waco Police Department as 1217 Mary in Waco. Ford did not register with the Waco Police Department after October 17, 2012. Wilson testified that on March 28, 2013, she contacted My Brother's Keeper, and she was told that Ford was no longer living there. Ford never informed Wilson that he was no longer living at My Brother's Keeper.

Officer Richard Johnson, with the Waco Police Department, testified that on March 31, 2013, Betty Wilson contacted him and asked him to go by My Brother's Keeper to see if Ford was staying there. After learning that Ford was not at My Brother's Keeper, Officer Johnson found Ford at another location. Ford told Officer Johnson that he was no longer staying at My Brother's Keeper because they were going to charge him money to stay there. Officer Johnson testified that Ford told him he was staying at "tent city" over by the Brazos River. Officer Johnson told Ford he needed to contact Betty Wilson for registration.

Carlton Willis testified that he is the program director for Mission Waco, which runs My Brother's Keeper. Willis stated that a person staying at My Brother's Keeper would have to sign-up daily to stay at My Brother's Keeper and is not allowed to sign-up to stay multiple nights. An individual staying at My Brother's Keeper is required to check-out each morning and to sign-in when arriving at night. My Brother's Keeper maintains records detailing who stays at the facility. Willis testified that My Brother's Keeper charges a nominal fee to stay at the facility. If a person is unable to pay the fee, he will be assigned a chore to cover the fee. Willis stated that Ford last stayed at My Brother's Keeper on August 14, 2012. Willis testified that if an individual was sleeping or staying outside of the building, he would be asked to leave.

Ford testified that he informed Betty Wilson that he was not staying inside the building of My Brother's Keeper. He testified that he told her My Brother's

Keeper was charging him to stay there so he "may be there or around about there." Ford further testified that he never told Officer Johnson he was staying at "tent city."[15]

## II.    Case Law

### a.    Evidence that a person is living at a different address on a specific date supports a conviction for failing to report an intended change of address.

The duty to notify before moving is "triggered only [i]f a person required to register under this chapter *intends* to change address."[16] As this Court held in *Thomas v. State*, evidence that a person has moved into a new residence may support a conviction for failing to report an intended change in address.[17]

In *Thomas*, the defendant registered as a sex offender at 1900 South Green Street but then gave the address of 1703 Houston Street to the county jail.[18] Law enforcement located the defendant at the Houston Street address, and the defendant told law enforcement he was living at the residence on Houston Street.[19] This Honorable Court found the evidence legally sufficient to establish that the

---

[15] *Ford*, at *3–4.

[16] *Green v. State*, 350 S.W.3d 617, 621–23 (Tex. App.—Houston [14th Dist.] pet ref'd), *overruled* by *Thomas v. State*, 444 S.W.3d 4, 13 (Tex. Crim. App. 2014).

[17] 444 S.W.3d 4 (Tex. Crim. App. 2014).

[18] *Id.* at 6.

[19] *Id.* at 7.

defendant intended to change his address to 1703 Houston Street but failed to report his change of address at least seven days before the intended change.[20]

The Houston Court of Appeals explained the holding in *Thomas* as follows:

"Because there was evidence that appellant was living at a new address as of June 25, 2012, the [factfinder] reasonably could have concluded that Thomas intended to change address on June 25, 2012, and that he violated article 62.055(a) by failing to report this intended address change on or before June 18, 2012."[21]

Likewise, the Texarkana Court of Appeals interpreted the *Thomas* holding to mean that "because there was evidence that a defendant was living at a new address as of a specific date, the jury could have reasonably concluded that the defendant intended to change his residence on that same day."[22]

### b. The State presented no evidence of a new physical address.

Article 62.055(a) of the Texas Code of Criminal Procedure clearly contemplates a person changing his physical address without alerting law enforcement. In this case, Mr. Ford had registered at a homeless shelter[23] but stopped staying inside the building "because they had been charging him."[24] The

---

[20] *Id.* at 15.

[21] *Gilder v. State*, 469 S.W.3d 636, 640 (Tex. App.—Houston [14th Dist.] 2015).

[22] *Dotie v. State*, 2015 Tex. App. LEXIS 10046, at *16 (Tex. App—Texarkana, September 25, 2015).

[23] (1 R.R. at 70).

[24] (1 R.R. at 96).

State did not establish that Appellant moved to an address different from the one at which he had registered. The closest the State came to offering evidence of a new physical address was its allusion to "tent city."[25] The State offered no evidence that "tent city" existed, let alone that "tent city" had an actual address.

At trial, the State argued that if Mr. Ford was not sleeping inside the the homeless shelter, he needed to provide the registration office with a specific, detailed geographic description of where he was sleeping[26] but that he failed to notify law enforcement of where he was "laying his head down at night."[27] However, article 62.055(a) does not require a person to provide law enforcement with a specific, detailed description of where he is sleeping each night if he is sleeping in a location to which a physical address has not been assigned.

The State did have at its disposal a crime with which to charge the homeless Mr. Ford. Article 62.055(i) of the Texas Code of Criminal Procedure provides as follows:

> "If a person is required to register as a sex offender and resides for more than seven days at a location or locations to which a physical address has not been assigned by a governmental entity, the person, not less than once in each 30-day period, shall confirm the person's location or locations by:

---

[25] *Ford v. State*, 2015 Tex. App. LEXIS 11483, at *3 (Tex. App.—Waco November 5, 2015) (mem. op., not designated for publication).

[26] (1 R.R. at 84).

[27] (1 R.R. at 60); (1 R.R. at 90); (1 R.R. at 172).

(1) reporting to the local law enforcement authority in the municipality where the person resides or… and (2) providing a detailed description of the applicable location or locations."

However, the State chose not to indict Mr. Ford under article 62.055(i); and because Mr. Ford did not move to a different address, article 62.055(a) simply does not apply here.

> ### c. The State did not establish that Appellant changed his address as of a specific date, because Appellant was never located at a different address.

Unlike in *Thomas*, the State did not establish a specific date on which Mr. Ford was living at a new address. Mr. Ford was never located at his alleged new residence at "tent city." Mr. Ford registered his address as that of the My Brother's Keeper homeless shelter on October 17, 2012.[28] On March 28, 2013, the Waco Police Department "was told that Ford was no longer living there."[29] The Tenth Court of Appeals' opinion states that on March 31, 2013, a police officer "found Ford at another location."[30] The record indicates that on March 31, 2013,[31] the officer encountered Appellant dumpster diving[32] within three blocks of My

---

[28] *Id.*, at *4.
[29] *Id.*
[30] *Id.*
[31] (1 R.R. at 93).
[32] (1 R.R. at 95–96).

Brother's Keeper.[33] The officer could not recall if "he had gone to 'tent city'" to determine whether (1) the fabled "tent city" actually existed or (2) Appellant was in fact living there.[34]

### III. Conclusion

Here, there was no evidence that Mr. Ford moved to a specific physical address. "Tent city" is not a physical address. Furthermore, not only was Appellant never located in "tent city," but "tent city" remains undiscovered, uncharted territory. Finding the evidence legally sufficient to establish that Appellant failed to report an intended change of address under the facts of this case required the Tenth Court of Appeals to misapply Texas Code of Criminal Procedure art. 62.055(a), to broaden the scope of this Court's opinion in *Thomas,* and to disregard case law from sister courts of appeal. As such, this Honorable Court should grant review.

---

[33] (1 R.R. at 111); *See* Defendant's Exhibit 4 (map of downtown Waco).
[34] (1 R.R. at 107).

## PRAYER FOR RELIEF

Mr. Ford prays that this Court grant his Petition for Discretionary Review.

Respectfully submitted,

LAW OFFICE OF SIMER & TETENS

/s/ *Chelsea Tijerina*

Chelsea Tijerina
3706 Bellmead Drive
Waco, Texas 76705
(254) 412-2300
(888) 317-7610—Facsimile
E-mail: attorneychelsea@gmail.com
State Bar No. 24076733
**ATTORNEY FOR APPELLANT**


## CERTIFICATE OF SERVICE

On December 29, 2015, a copy of this Petition for Discretionary Review was delivered to the McLennan County District Attorney's Office by facsimile.

/s/ *Chelsea Tijerina*
Chelsea Tijerina

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4
### Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this brief contains 1,865 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1), and

2. This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been produced on a computer in conventional typeface using Microsoft Word in Times New Roman 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

/s/ *Chelsea Tijerina*
Chelsea Tijerina
Attorney for Appellant



# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00335-CR

**JOSEPH CLYDE FORD,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-1178-C1

## MEMORANDUM OPINION

The trial court convicted Joseph Clyde Ford of the offense of failure to register as a sex offender. The trial court found the enhancement paragraph to be true and assessed punishment at twenty years confinement. We affirm.

In the sole issue on appeal, Ford contends that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Betty Wilson, with the Waco Police Department, testified that Ford completed a sex offender registration form January 25, 2012. On that form, Ford listed his residence as 1217 Mary, Waco, Texas. That address is the location for a shelter, My Brother's Keeper. On October 17, 2012, Ford again registered his address with the Waco Police Department as 1217 Mary in Waco. Ford did not register with the Waco Police Department after October 17, 2012. Wilson testified that on March 28, 2013, she contacted My Brother's Keeper, and she was told that Ford was no longer living there. Ford never informed Wilson that he was no longer living at My Brother's Keeper.

Officer Richard Johnson, with the Waco Police Department, testified that on March 31, 2013, Betty Wilson contacted him and asked him to go by My Brother's Keeper to see if Ford was staying there. After learning that Ford was not at My Brother's Keeper, Officer Johnson found Ford at another location. Ford told Officer Johnson that he was no longer staying at My Brother's Keeper because they were going to charge him money to stay there. Officer Johnson testified that Ford told him he was staying at "tent city" over by the Brazos River. Officer Johnson told Ford he needed to contact Betty Wilson for registration.

Carlton Willis testified that he is the program director for Mission Waco, which runs My Brother's Keeper. Willis stated that a person staying at My Brother's Keeper would have to sign-up daily to stay at My Brother's Keeper and is not allowed to sign-up to stay multiple nights. An individual staying at My Brother's Keeper is required to check-out each morning and to sign-in when arriving at night. My Brother's Keeper maintains records detailing who stays at the facility. Willis testified that My Brother's

Keeper charges a nominal fee to stay at the facility. If a person is unable to pay the fee, he will be assigned a chore to cover the fee. Willis stated that Ford last stayed at My Brother's Keeper on August 14, 2012. Willis testified that if an individual was sleeping or staying outside of the building, he would be asked to leave.

Ford testified that he informed Betty Wilson that he was not staying inside the building of My Brother's Keeper. He testified that he told her My Brother's Keeper was charging him to stay there so he "may be there or around about there." Ford further testified that he never told Officer Johnson he was staying at "tent city."

To support a conviction for failure to register as a sex offender, the State was required to prove that Ford: (1) was required to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure, and (2) failed to comply with Article 62.055(a) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 62.055(a). Section 62.055 (a) provides alternative manners and means of committing an offense. *Thomas v. State*, 444 S.W.3d 4, 9-10 (Tex. Crim. App. 2014). A person commits an offense if he (1) fails to report a change of address "not later than the seventh day before the intended change," or (2) fails to report "not later than the ... seventh day after changing the address." *Id* at 10.

In this case, as in *Thomas*, the indictment was not as broad as authorized by law because the State alleged a specific manner and means. *See Thomas v. State*, 444 S.W.3d at 10. As a result of specifying a specific statutory manner and means in the indictment, the "law as authorized by the indictment" in this case allowed Ford to be convicted only

if he failed to report a change in address "not later than the seventh day before the intended change."

Ford argues that the evidence was insufficient to show that he moved or intended to move from My Brother's Keeper. In *Thomas*, the appellant registered his address as an apartment on South Green Street. *Thomas v. State*, 444 S.W.3d at 6. The Longview Police Department contacted the manager of the apartment to ask if she was aware a registered sex offender was residing at the apartment. The manager indicated that she was not and asked the police to issue a criminal trespass warning to Appellant. Appellant was arrested on outstanding warrants, and he gave another address on Houston Street when he was booked into the county jail. On June 25, an officer went to the South Green address to ask the manager if Appellant was residing there, and the manager said he was not. The officer then went to the address on Houston Street where he found Appellant. Appellant told the officer that he was staying at the residence on Houston Street.

The Court found that the factfinder was entitled to believe the officer's testimony that Appellant told him he lived on Houston Street as of June 25 and to disregard other contrary testimony that he lied about moving. *Thomas v. State*, 444 S.W.3d at 10. The Court stated that the factfinder could have further "reasonably concluded that Appellant was guilty of the charged crime because he never reported his intended change in address in person and at least seven days before his intended move on June 25." *Id.* The Court noted that the latest date on which Appellant could have complied with the law to report his intended change in address would have been June 18, but Appellant never appeared in person to report his intended change of address. *Id.* at 10-11.

The facts in this case are similar to those in *Thomas*. Officer Johnson testified that on March 31, 2013, Ford told him he was no longer living at the My Brother's Keeper address and that he was living at "tent city." The factfinder was entitled to believe Officer Johnson's testimony that as of March 31, 2013, Ford said he lived at "tent city." Ford was therefore required to report his intended change of address at least seven days prior to that date. The record shows that Ford did not report his intended change of address prior to March 24, 2013. We find that the evidence is sufficient to support Ford's conviction for failure to register as a sex offender. We overrule the sole issue.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 5, 2015
Do not publish
[CR 25]

