**Affirmed and Opinion filed May 20, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00221-CR

## CHRISTOPHER ARTHUR TATUM, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 185th District Court
### Harris County, Texas
### Trial Court Cause No. 1346138

## O P I N I O N

A jury convicted appellant Christopher Arthur Tatum of failing to comply with a requirement of the sex-offender registration program. The trial court found the enhancement allegations to be true and sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for twenty-five years. We affirm.

# I. BACKGROUND

Appellant was convicted of aggravated rape in 1978, requiring him to register as a sex offender for his lifetime. *See* Tex. Code Crim. Proc. art. 62.101(a)(1) (West Supp. 2013); Tex. Code Crim. Proc. art. 62.001(6)(A)(West Supp. 2013). After registering, appellant failed to report to the local law enforcement authority designated as the appellant's primary registration authority within thirty days before or after his statutory-reporting date to verify the information in the registration form maintained by the authority for appellant. A jury found appellant guilty of failing to comply with this requirement of the sex-offender registration program.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant asserts the evidence is insufficient to support his conviction. Specifically, appellant argues the State did not prove he intentionally or knowingly failed to comply with the annual verification requirement of the sex-offender registration program. In a sufficiency review, we view all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Salinas v. State*, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005). The jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness's testimony. *Jones v. State*, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998). The jury reasonably may infer facts from the evidence presented, credit the witnesses it chooses to credit, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Reconciliation of conflicts in the evidence is within the jury's discretion. *Losada v. State*, 721 S.W.2d 305, 309

(Tex. Crim. App. 1986). An appellate court may not reevaluate the weight and credibility of the evidence produced at trial or substitute its judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). When the indictment alleges that a defendant "intentionally and knowingly" failed to comply with a requirement of the sex-offender registration program, as in the present case, we review the record for evidence the defendant's failure was intentional or knowing. *See Harris v. State*, 364 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Varnes v. State,* 63 S.W.3d 824, 833 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

A person commits an offense if the person is required to register and fails to comply with any requirement of Chapter 62 of the Texas Code of Criminal Procedure, entitled "Sex Offender Registration Program."[1] Tex. Code Crim. Proc. Ann. art. 62.102(a) (West Supp. 2013). In the indictment, appellant was charged with intentionally or knowingly failing to comply with the annual verification requirement in article 62.058(a). *See id.*, art. 62.058(a) (West Supp. 2013). Under this requirement, a sex offender who has only once been convicted or received a deferred-adjudication order regarding a sexually violent offense, and who is subject to registration under Chapter 62, must report to the local law enforcement authority designated as the person's primary registration authority once each year

---

[1] Unless otherwise specified, all statutory references in this opinion are to the Texas Code of Criminal Procedure.

not earlier than the 30th day before and not later than the 30th day after the anniversary of the person's date of birth to verify the information in the registration form maintained by the authority for that person.[2] *See id.*

Officer Jorge Lucero, a police officer for the City of Houston, testified that he met appellant on December 12, 2011, at an appointment to conduct appellant's initial sex offender registration. The record contains a Texas Department of Public Safety Sex Offender Update Form, signed by appellant. It reflects a "Next Annual Due Date" of "02/12/2012" and is initialed by appellant. The date is appellant's birthday.

Officer Lucero testified that he asked appellant if he understood when his next due date was and appellant said yes and initialed the form. The record also contains a "Houston Police Department Sex Offender Registration Acknowledgement Form" that is signed by appellant. The form provides appellant has to register with the Houston Police Department once a year within thirty days before or after his birthday.

Before that meeting, Sergeant Glenn Shepherd of the Houston Police Department met with a group of twenty-two to twenty-eight persons, including appellant, to go over the rules for sex-offender registration. Sergeant Shepherd testified that he spends two hours or more going over the rules to make sure that class members understand the requirements. A "Pre-release Notification Form" for the Texas Sex Offender Registration Program, dated November 28, 2011, contains the signature of both appellant and Sergeant Shepherd. It reflects that the

---

[2] There was evidence showing that appellant had been convicted once of a sexually violent offense and that he was subject to registration under Chapter 62. Appellant does not dispute these matters.

4

verification requirement is "Annual (on birthday)." On the form appellant initialed the placed indicated for "Periodic Verification of Registration: I must personally appear at my primary registration authority and verify my registration information annually, every 90 days, or every 30 days, as indicated above." Sergeant Shepherd testified appellant was able to take a copy of his paperwork with him.

Rhonda Savage, who works for the Texas Department of Criminal Justice, testified that she met with appellant on October 31, 2011. The record contains another "Pre-release Notification Form" signed by appellant. The form, dated November 7, 2011, was also signed by Savage. It reflects that the duty to register is "Lifetime" and the verification requirement is "Annual (on birthday)." Appellant initialed "Periodic Verification of Registration" on that form as well. Savage testified that appellant was given a copy when he was released from the custody of the Texas Department of Criminal Justice and that she believed appellant understood. According to Savage, she told appellant he had to register "lifetime annually on [his] birthday."

Appellant testified that he was released from prison in November 2011, and that he registered as a sex offender in December. Appellant testified that Officer Shepherd told him what he was supposed to do to register. According to appellant, Officer Shepherd told him that he "was supposed to register 2013 [sic], because it was two months before my birthday." Appellant said no one ever specifically pointed out to him "on those documents" that he was supposed to report "on 2012 [sic] and not 2013." Appellant began receiving letters in the mail from someone who wanted to represent him and he went to Mykawa Road[3] to inquire. When he

---

[3] The location where Officer Lucero and Sergeant Shepherd testified they met with appellant was on Mykawa Road.

arrived there, he gave someone his identification and waited. According to appellant, a man there registered him. Appellant did not remember meeting with Officer Lucero and did not know who he was.

Appellant's claim of insufficient evidence that his failure to comply with the annual verification requirement was intentional or knowing is based upon his testimony that Sergeant Shepherd told him that he did not have to verify his information until 2013. Sergeant Shepherd testified that if appellant's birthday was shortly after his appointment date for actual registration, appellant still would have to verify the information in 2012. According to Officer Lucero, and the forms appellant signed, appellant met with Officer Lucero after meeting with Sergeant Shepherd and initialed the requirement that his next annual due date was "02/12/2012." From this evidence the jury reasonably could have found appellant's failure to comply with the annual verification requirement in article 62.058(a) was intentional and knowing. Accordingly, we conclude that the record contains evidence from which a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Harris*, 364 S.W.3d at 335–36; *Varnes,* 63 S.W.3d at 832–33. Appellant's first issue is overruled.

### III. VOIR DIRE

In his second issue, appellant asserts the trial court failed to correct a mistaken impression that jurors may have received based on a venire member's statement during voir dire that "You could always just claim ignorance of the law, but that's no excuse." According to appellant, because the trial court did not correct this statement, the jurors likely believed that appellant's alleged ignorance regarding the requirement that he verify his registration within thirty days before or after February 12, 2012 was irrelevant. As a result, appellant asserts the jury may

have convicted appellant solely based on his failure to verify his registration within thirty days before or after February 12, 2012. The record reflects that appellant did not assert this complaint in the trial court by means of an objection, a request for an instruction to disregard, a motion for mistrial and that appellant did not otherwise voice this complaint in the trial court.

Appellant contends that, because this complaint constitutes fundamental error, no preservation of error was required. Appellant does not allege that the alleged error in question tainted the presumption of innocence, that the trial court violated a right which must be implemented unless expressly waived, or that this complaint involves an absolute systemic requirement that may not be waived. Though appellant asserts that the venire member's uncorrected statement violated his due process rights and likely tainted the jury, under applicable precedent, appellant's complaint in the second issue does not constitute fundamental error. *See Griggs v. State,* 213 S.W.3d 923, 926–27 (Tex. Crim. App. 2007); *Young v. State,* 137 S.W.3d 65, 67–71 (Tex. Crim. App. 2004); *Aldrich v. State*, 104 S.W.3d 890, 895–97 (Tex. Crim. App. 2003); *Beltran v. State*, 99 S.W.3d 807, 811–12 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Therefore, appellant waived his second issue by failing to preserve error in the trial court. *See Griggs,* 213 S.W.3d at 926–27; *Beltran*, 99 S.W.3d at 811–12. In any event, to the extent any juror had a mistaken impression regarding the applicable law based on the venire member's statement, in the jury charge the trial court instructed the jury that, to find appellant guilty, the jury was required, among other things, to find beyond a reasonable doubt that appellant "intentionally or knowingly" failed to comply with the verification requirement. Appellant's second issue is overruled.

## IV. ADMISSION OF EVIDENCE

In his third issue, appellant asserts the trial court erred in admitting evidence that he did not report to authorities that he had moved to a new address within seven days of the move. Although appellant did object when he was questioned about it, Officer Lucero already had testified that appellant failed to notify authorities of his new address when appellant's parole was complete and appellant was released from the halfway house. Because the same evidence was admitted without objection at other points in the trial, any error in the admission of appellant's testimony does not present reversible error. *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). Accordingly, we overrule appellant's third issue.

The judgment of the trial court is affirmed.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Publish—Tex. R. App. P. 47.2(b).