

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00007-CR

DWAYNE CORDOVA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1331247R

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Dwayne Cordova guilty of failure to comply with sex offender registration requirements, found an enhancement count true, and assessed Appellant's punishment at 162 months in the Texas Department of Criminal Justice—Institutional Division. The trial court sentenced him

---

[1]*See* Tex. R. App. P. 47.4.

accordingly, and Appellant perfected this appeal. He raises one issue challenging the sufficiency of the evidence to support his conviction.

An individual commits the offense of failure to comply with sex offender registration requirements if he is required to register as a sex offender and fails to comply with any requirement of chapter 62 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 62.102(a) (West Supp. 2014). Article 62.055(a) provides that

> [i]f a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

*Id.* art. 62.055(a) (West Supp. 2014).

Appellant's sufficiency challenge asserts that the evidence is insufficient in two respects. First, the court's charge, in part, instructed the jury to find Appellant guilty if he "intentionally or knowingly" failed to register; Appellant contends the evidence is insufficient to establish that his failure to register was intentional or knowing. Second, because article 62.055(a) allows a sex offender to register not later than the later of the seventh day after changing his address or the seventh day after "the first date the applicable local law enforcement authority by policy allows the person to report," Appellant contends the evidence is insufficient to show that he did not comply with this alternative date for registration.

2

In determining whether the evidence legally suffices to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979); *Crabtree v. State*, 389 S.W.3d 820, 824 (Tex. Crim. App. 2012). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. The jury reasonably may infer facts from the evidence presented, credit the witnesses it chooses to credit, disbelieve any or all of the evidence or testimony proffered, and weigh the evidence as it sees fit. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). An appellate court may not reevaluate the weight and credibility of the evidence produced at trial or substitute its judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

Appellant stipulated that he had been convicted of an offense requiring him to register as a sex offender. Appellant agrees that he changed his address on March 26, 2012, by moving to Fort Worth and that under article 62.055(a)'s seventh-day-after-changing-his-address provision, he was required to report to the Fort Worth Police Department by April 2, 2012, and provide them with proof of identity and proof of residence. Appellant points out that his new Fort Worth

3

address was on his pre-release form for registration purposes and that he remained at that address until he was arrested there for this offense. Appellant explains that he called the Fort Worth Police Department on April 2, 2012, and made an appointment for April 30, 2012. He was forty minutes late to that appointment, and the appointment was rescheduled to May 30, 2012. Appellant did not attend that May 30, 2012 appointment, but he called and rescheduled it to July 17, 2012. Appellant attended the July 17, 2012 appointment; he brought a Texas identification card sufficient to establish his identity but not his address, and he failed to bring proof of his residence address. The appointment was rescheduled to July 25, 2012. Appellant did not attend this appointment but left a voicemail attempting to reschedule it. Fort Worth Police Officer Karey Reynolds then called Appellant and left him a voicemail telling him to call back and schedule an appointment to come in and provide proof of his identity and address. Appellant did not call back and never provided proof of residence. A November 6, 2012 search of the Texas and national sex offender registry databases showed no evidence that Appellant had ever registered as a sex offender.

Regarding Appellant's contention that the evidence is insufficient to establish that he intentionally or knowingly failed to register as a sex offender, we note that the court's charge instructed the jury as follows:

> A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct.

4

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist.

*See* Tex. Penal Code Ann. § 6.03 (a), (b) (West 2011) (defining intentionally and knowingly). When the State alleges that a defendant intentionally or knowingly failed to comply with a requirement of the sex-offender registration program, as in the present case, we review the record for evidence that the defendant's failure was intentional or knowing. *See Harris v. State*, 364 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Varnes v. State*, 63 S.W.3d 824, 833 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

The evidence established that Appellant knew of the requirement that he provide verification of his current address because he repeatedly rescheduled an appointment for that purpose. Additionally, Officer Reynolds testified that he left a voicemail for Appellant after Appellant failed to attend the July 25, 2012 appointment and told Appellant that he needed to reschedule the appointment and provide proof of identity and residence. Appellant did not return Officer Reynolds's call, did not reschedule the appointment, did not bring proof of his residence to the Fort Worth Police Department, and had not registered as a sex offender by November 6, 2012. Viewing this evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found the essential elements of the offense, including that Appellant intentionally or knowingly failed to register, beyond a reasonable doubt. *See Tatum v. State*,

431 S.W.3d 839, 843 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (holding evidence sufficient to establish intentional or knowing element of offense of failure to register as a sex offender); *Harris*, 364 S.W.3d at 335–36 (same); *Varnes*, 63 S.W.3d at 832–33 (same).

Appellant also contends that the evidence is insufficient because article 62.055(a) alternatively allows a sex offender to register not later than the "the first date the applicable local law enforcement authority by policy allows the person to report" and that, by allowing him to continue rescheduling his appointment, the Fort Worth Police Department allowed him "by policy" to report at a later date. But even if the Fort Worth Police Department's allowing Appellant to reschedule his appointments could be considered a "policy," *the first date* that Appellant was "allow[ed]" to report under that "policy" was at his first April 30, 2012 appointment, which he missed. And the fact remains that Appellant never showed up for the last appointment that he rescheduled to July 25, 2012, to provide the statutorily-required proof of residence.[2] Viewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

---

[2]To the extent that Appellant's argument may be construed as asserting that police were already aware of his address, we have found no authority for the proposition that such knowledge replaces the statutory requirement set forth in article 62.055(a) that Appellant provide proof of residence.

We overrule Appellant's sole issue and affirm the judgment of the trial court.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 26, 2015