

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00285-CR

WILLIAM C. BROWN                                          APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1356206D

----------

## MEMORANDUM OPINION[1]

----------

Appellant William C. Brown appeals his conviction for failing to register as a sex offender. A jury found Appellant guilty, found the habitual offender allegations true, and assessed his punishment at thirty years' imprisonment. In two issues, Appellant attacks the sufficiency of the evidence to support his conviction and complains of charge error. We affirm.

---
[1]*See* Tex. R. App. P. 47.4.

## Background

In the indictment, the State alleged that on or about October 8, 2013, Appellant intentionally or knowingly failed to report to the local law enforcement authority with whom he was required to register once each year. Specifically, the State alleged Appellant was required to register under the sex offender registration program of Chapter 62 of the Texas Code of Criminal Procedure not earlier than the thirtieth day before and not later than the thirtieth day after the anniversary of Appellant's birth date to verify the information in the registration form maintained by the law enforcement authority. Tex. Code Crim. Proc. Ann. art. 62.058(a) (West Supp. 2015).

## The Evidence

Officer Karey Reynolds was a member of the sex crimes unit of the Fort Worth Police Department. She was familiar with Appellant. Officer Reynolds testified that Appellant had a conviction for sexual assault, a "reportable" conviction, in 1996 for which he received a ten-year sentence. Appellant was convicted on August 13, 2009, for failing to comply with the sex offender registration requirement and received a three-year sentence. Officer Reynolds saw Appellant in March 2012 when Appellant was being released from prison for the offense of failure to register.

Officer Reynolds said she explained to Appellant that he was required to register for the rest of his life. She told Appellant that he had to report to register once a year on his birthday. She testified that on March 28, 2012, Appellant

2

acknowledged he understood and signed the paperwork acknowledging he understood, and that Appellant received a copy of the documents that day. Officer Reynolds testified that she had no doubt that Appellant understood the registration requirements. Officer Reynolds said Appellant did not show up in 2013 to verify his annual registration.

The State introduced into evidence State's Exhibits 1 and 2.[2] State's Exhibit 1 is a Fort Worth Police Department document for the Sex Crimes Registration Apprehension and Monitoring Unit. Signed by Appellant on March 28, 2012, the first page of this form provides:

> Effective September 1, 1999 a change was made in article 62 of the Texas Code of Criminal Procedure. The change pertains to the annual anniversary date on which you are required to report to the local law enforcement authority to verify the information in the registration form maintained by that authority.

> Effective September 1, 1999 your anniversary date is the same as your date of birth. You must report in person to the local law enforcement authority once each year not earlier than the 30th day before or not later than the 30th day after your birthday.

> YOUR BIRTHDAY IS Sep / 07. THIS IS YOUR ANNIVERSARY DATE.

The second page of State's Exhibit 1, also signed by Appellant on March 28, 2012, has two spots check-marked. The first provided that Appellant acknowledged that he was required to register once a year within thirty days

---

[2]Both exhibits are attached in the appendix.

before or thirty days after his birthday. The second provided that he acknowledged having to register for the rest of his life.

State's Exhibit 2 is a "Pre-Release Notification Form / Texas Sex Offender Registration Program." Appellant signed this document on March 28, 2012. The box for "Lifetime" is checked for the duty to register, and the box for "Annual (on birthdate)" is checked for the verification requirement. Below these boxes, Appellant initialed the portion that provided, "Periodic Verification of Registration: I must personally appear at my primary registration authority and verify my registration information annually, every 90 days, or every 30 days, as indicated above." As noted, the above indicated Appellant had to register annually for the rest of his life.

Officer Reynolds explained for the jury that State's Exhibit 1 told Appellant of his duty to register once a year around his birthday. Officer Reynolds testified that State's Exhibit 2 was a form that outlined the duty-to-register requirements. Officer Reynolds said she went over the form with Appellant. After verifying that Appellant could read, Officer Reynolds said she instructed Appellant to read the rest of the form and place his initials next to each paragraph to show that he had read the paragraph. Officer Reynolds said she reviewed each paragraph with registrants to reassure herself that the registrants understood each paragraph and had no questions.

For the annual reporting requirement, the registrant was given a sixty-day window—from thirty days before to thirty days after the registrant's birthday—to

4

schedule an appointment and report. Compliance was determined by when the appointment was set, not by when office contact was made; Officer Reynolds explained that the reporting office was sometimes "booked up" and that as long as the registrant made some effort, they would register him.

Officer Reynolds testified further that because Appellant registered as homeless, he had to report every thirty days as well. This requirement was in addition to his annual reporting requirement. For the monthly reporting, the registrant had to come in between 3:00 and 4:00 any day of the month unless it was a holiday. State's Exhibits 3 and 4 were monthly sign-in sheets. State's Exhibits 3 and 4 are clearly captioned, "Transient/Homeless 30-Day Update." They showed that Appellant reported on August 30, 2012, but did not report in September 2012. Officer Reynolds said she did not issue a warrant; instead, she passed the information on to a monitor, and the monitor decided whether to grant the registrant any leeway. Monitors were the persons who actually went into the field to look for registrants.

Appellant reported in October 2012. In November 2012, Appellant signed in at the front desk but did not sign in with Officer Reynolds because the desk officer told Appellant that he needed an appointment. Officer Reynolds passed on that information to the monitor but made no effort to arrest Appellant for failing to report. Appellant did not report in December 2012.

Thereafter, Appellant reported in January and February 2013, but failed to appear in March, appeared in April, but then failed to appear in May, June, and

July, after which Officer Reynolds said she quit checking the sheet and forwarded the information to the monitor. She said Appellant failed to report for his annual registration in 2013 as well. Appellant was not seen again until he was arrested pursuant to a warrant.

**Sufficiency of the Evidence**

In his first issue, Appellant contends that no rational juror could have found that he had actual knowledge of an annual reporting requirement separate and apart from his monthly reporting obligation because the forms are "far too ponderous and confusing." He further argues that no rational juror could conclude beyond a reasonable doubt that he consciously remembered and understood his two distinct reporting requirements and that he consciously chose to ignore the annual obligation.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Dobbs*, 434 S.W.3d at 170.

State's Exhibits 1 and 2 showed Appellant knew about the annual registration requirements. Officer Reynolds testified about how she went over the annual registration requirements and made certain Appellant understood them. There was no evidence contradicting State's Exhibits 1 and 2 or Officer Reynolds's testimony showing that Appellant knew about the annual registration requirements, and there was no evidence showing that Appellant confused the monthly reporting requirement with the annual reporting requirement. To the contrary, the record reflects that after April 2013, he failed to comply with either one.

Generally, since no mental state is specified for article 62 offenses, proof that the defendant acted "intentionally, knowingly, or recklessly" is sufficient. *Harris v. State*, 364 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Ford v. State*, 313 S.W.3d 434, 438 (Tex. App.—Waco 2010), *rev'd on other grounds,* 334 S.W.3d 230 (Tex. Crim. App. 2011); *see also* Tex. Penal Code Ann. § 6.02(c) (West 2011) (providing that, if definition of offense does not prescribe culpable mental state and one is required, "intent, knowledge, or recklessness suffices to establish criminal responsibility.")

Regarding Appellant's mental state, where the evidence establishes that a sex offender is told of the reporting requirement, a jury can properly find that the violation was done knowingly. *See Tatum v. State*, 431 S.W.3d 839, 843 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *Varnes v. State*, 63 S.W.3d 824, 832 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Officer Reynolds' testimony and

7

the State's Exhibits 1 and 2 show that Appellant was told about and understood the annual reporting requirement. Viewing the evidence in the light most favorable to the verdict, we hold that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We overrule Appellant's first issue.

## Charge Error

In his second issue, Appellant asserts the trial court erroneously included an "on or about" instruction in the jury charge. Appellant asserts that the evidence at trial was not limited to his failure to report in 2013 but also suggested he may not have appeared for his annual registration in 2012. Appellant acknowledges the evidence shows he appeared within thirty days of his birthday in August 2012 but maintains that it is not clear whether he appeared as part of a monthly-reporting requirement or his annual reporting requirement. Because the jury charge authorized a conviction for a failure to report "so long as the indictment was presented within three years from the date of the offense," and because the indictment was presented on February 13, 2014, Appellant contends the charge incorrectly authorized a conviction for any failure to report between February 2011 and February 2014.

The charge provided:

> You are instructed that the State is not bound to prove the exact date alleged in the indictment, but may prove the offense, if any, to have been committed at any time prior to the presentment of the indictment, so long as said indictment is presented within three years from the date of the offense, if any.

8

The jury is instructed that the Court has taken judicial notice that the date the indictment in this case was presented was on the 13th day of February, 2014. The jury is further instructed that it may, but is not required to, accept as conclusive the fact judicially noted.

The charge elsewhere provided:

Now, if you find from the evidence beyond a reasonable doubt that the Defendant, William C. Brown, in Tarrant County, Texas, on or about the 8th day of October, 2013,[3] did then and there intentionally or knowingly fail to report to the local law enforcement authority with whom said defendant is required to register once each year, . . . then you will find the Defendant guilty of Failure to Register as a Sex Offender as charged in the Indictment.

The State responds that Officer Reynolds testified that Appellant reported on August 30, 2012. The State points out that there was no contrary evidence showing a failure to comply in 2012. The State argues that, conversely, the evidence was, as alleged in the indictment, Appellant failed to report during the sixty-day window in 2013.

"[A]ll alleged jury-charge error must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.* If error occurred, whether it was preserved determines the degree of harm required for reversal. *Id.* Unpreserved charge error warrants reversal only when the error

___

[3]The State ostensibly chose October 8, 2013, because thirty days after Appellant's birthday (September 7) was October 7, 2013, so by October 8, 2013, the State could say with certainty that Appellant had not registered within the previous sixty-day window.

9

resulted in egregious harm. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see* Tex. Code Crim. Proc. Ann. art. 36.19 (West 2006). The appropriate inquiry for egregious harm is a fact specific one that must be performed on a case-by-case basis. *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013); *Taylor v. State*, 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).

In making an egregious harm determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171; *see generally Gelinas*, 398 S.W.3d at 708–10 (applying *Almanza*). Errors that result in egregious harm are those "that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive." *Taylor*, 332 S.W.3d at 490 (citing *Almanza*, 686 S.W.2d at 172). The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Almanza*, 686 S.W.2d at 174.

The trial court must give the jury a written charge that sets forth the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). It is not error, generally, for an indictment to allege an "on or about" date for a charged offense. *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998)

10

(reaffirming prior holdings that it is not error, constitutional or otherwise, for an indictment to allege an "on or about" date for the charged offense); *Sledge v. State*, 953 S.W.2d 253, 356 (Tex. Crim. App. 1997) ("It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period.") However, relying on *Taylor v. State*, Appellant contends that the jury charge is erroneous in this case because it presented the jury "with a much broader chronological perimeter than [was] permitted by law." *See* 332 S.W.3d at 488.

In *Taylor*, the defendant was charged with aggravated sexual assault offenses committed as an adult, that is, after his seventeenth birthday, but there was evidence of many aggravated sexual assault offenses committed both before and after his seventeenth birthday. *Id.* at 485–86. As to offenses committed before his seventeenth birthday, the defendant could not be convicted absent the juvenile court's waiving its jurisdiction and certifying him to be tried as an adult. *Id.* at 485. The charge, however, authorized the jury to convict the defendant regardless of whether the offenses occurred before or after his seventeenth birthday. *Id.* at 487–88, 492–93. Defense counsel did not object. *Id.* at 486. The court concluded the charge was erroneous because it presented the jury "with a much broader chronological perimeter than [was] permitted by law." *Id.* at 488. Taking the record as a whole, however, the court of criminal appeals held that egregious harm did not result from the jury charge error

11

because the defense's theory was that no sexual abuse occurred at any time; therefore, the court concluded it was unlikely that the jury believed that Appellant sexually assaulted the victim before he turned seventeen years' old but not after. *Id.* at 493.

Appellant next relies on *Kelley v. State.* 429 S.W.3d 865 (Tex. App.— Houston [14th Dist.] 2014, pet. ref'd). In *Kelley*, the defendant was convicted of failure to comply with statutory sex offender registration requirements. *Id.* at 869. The charge's "on or about" instruction informed the jury that the State was not bound by the dates in the indictment but could rely on a failure to comply with the registration requirements any time within the three years before the filing of the indictment. *Id.* at 878. The indictment relied upon a specific failure to report in August 2011. *Id.* at 880. But the evidence encompassed two subsequent reporting periods as well. *Id.* The court concluded that the charge, like the one in *Taylor*, "'present[ed] the jury with a much broader chronological perimeter than is permitted by law.'" *Id.* (quoting *Taylor*, 332 S.W.3d at 488.) After discussing the evidence and the arguments, the court concluded the error was harmless because the focus of both the evidence and the arguments was to prove the failure to report in August 2011. *Id.* at 880–82.

The trial court has an "absolute sua sponte duty" with regard to and is "ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Taylor*, 332 S.W.3d at 488 (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)). This duty exists even when the defense fails

12

to object to inclusions or exclusions in the charge. *See Taylor*, 332 S.W.3d at 486. Thus, the question here is whether the inclusion of the sua sponte "on or about" instruction in the context of this sex offender registration case rendered the charge inaccurate with regard to the law applicable to the case.

We disagree with Appellant's reliance on *Taylor*. The problem with the charge in *Taylor* was that it authorized the jury to convict the defendant for conduct he engaged in before his seventeenth birthday when the law prohibited the jury from relying on that conduct. *Id.* at 485. It was in that context that the court concluded the charge was erroneous because it presented the jury "with a much broader chronological perimeter than [was] permitted by law." *Id.* at 488. In contrast, Appellant's charge (and the charge in *Kelley* as well) did not authorize the jury to consider a period of time that the law otherwise prohibited the jury from considering. Rather, the problem in Appellant's charge (and the charge in *Kelley*) was that (1) the evidence showed the defendant possibly committed the offense on more than one occasion during the time period authorized by the charge, (2) the defendant failed to have the State elect which one of the events it intended to rely upon, and (3) in the absence of an election, the jury potentially rendered a non-unanimous verdict if different jurors relied on different events when voting to convict. *See Cosio v. State*, 353 S.W.3d 766, 771–74 (Tex. Crim. App. 2011).

In Appellant's case, there was no evidence or argument that Appellant was required to register—much less that he failed to register—in 2011. Appellant was

13

still in prison in 2011, and the duty to report does not arise until the defendant is released from prison. *See* Tex. Code Crim. Proc. Ann. arts. 62.051, 62.053 (West Supp. 2015). Therefore, there was no possibility the jury would have convicted Appellant based on any conduct in 2011.

In 2012, there was evidence that Appellant reported on August 30, 2012. However, the evidence reflected that he reported on that date as part of the monthly-reporting requirement and not as part of the annual reporting requirement. Officer Reynolds was not expressly asked whether Appellant complied with the annual reporting requirement in 2012. Appellant argues that some of the jurors could have concluded Appellant failed to report in 2012 as well as in 2013. If that is true, the nature of the error would not be that the jury was prohibited from considering any failure to report in 2012; rather, the danger was that the jury potentially rendered a non-unanimous verdict. *See Cosio*, 353 S.W.3d at 771–74. For purposes of this opinion, because the evidence was that the annual reporting requirement and monthly reporting requirement were separate requirements, because the evidence in the record shows that Appellant's August 30, 2012 compliance was in conjunction with his monthly reporting requirement, and because there was no evidence Appellant otherwise complied with his annual reporting requirement in 2012, we will assume, without holding, that the charge contained error on the basis that it potentially allowed for a non-unanimous verdict. *See id.* We proceed to whether the error was harmful.

14

Because there was no objection to the charge, Appellant acknowledges he must show egregious harm. *See Taylor*, 332 S.W.3d at 489; *Almanza*, 686 S.W.2d at 171. Egregious harm requires actual rather than theoretical harm. *Cosio*, 353 S.W.3d at 777; *Kelley*, 429 S.W.3d at 881. Actual harm requires that the charge error must have affected the very basis of the case, deprived the defendant of a valuable right, vitally affected a defensive theory, or made the case for conviction clearly and significantly more persuasive. *Taylor*, 332 S.W.3d at 490; *see Cosio*, 353 S.W.3d at 777. When assessing harm, courts consider (1) the charge, (2) the evidence, (3) the parties' arguments, and (4) all other relevant information in the record. *Cosio*, 353 S.W.3d at 777.

The indictment alleged Appellant failed to report annually in 2013. The evidence showed he failed to report annually in 2013. The evidence from 2012 and early 2013 showed that as long as Appellant reported monthly, even if sporadically, the State was lenient. The evidence showed that it was only after Appellant stopped reporting at all after April 2013 that the State decided to indict Appellant for his failure to comply with his annual reporting requirement later that year—between August 8, 2013, and October 7, 2013. During final arguments, nothing suggested any confusion over which incident the State was attempting to convict Appellant on.[4] Although the charge authorized the jury to look to 2011 or

---

[4]Defense counsel argued, "The evidence is pretty conclusive. I'm not going to argue that. He failed to register. But did he knowingly and intentionally?" The record reflects that this statement regarding failing to report is

15

2012, nothing in the way the case was presented or argued suggested the State sought a conviction for Appellant's conduct in those prior years. Everything pointed to Appellant's failure to report at all after April 2013 and, more specifically, his failure to comply with his annual reporting requirement during the sixty-day window between August 8, 2013, and October 7, 2013. We hold, therefore, that Appellant did not suffer egregious harm and overrule his second issue. *See Kelley*, 429 S.W.3d at 882 (holding no egregious harm because both sides framed the issue in the context of one specific violation).

## Conclusion

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, GABRIEL, and SUDDERTH, JJ.

GABRIEL, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 18, 2016

---

true regarding 2013, not necessarily true regarding 2012, and would have no applicability regarding 2011 because Appellant was still incarcerated.

# Fort Worth Police Department
# S.C.R.A.M. UNIT
## SEX CRIMES REGISTRATION APPREHENSION AND MONITORING UNIT

Effective September 1, 1999 a change was made in article 62 of the Texas Code of Criminal Procedure. The change pertains to the annual anniversary date on which you are required to report to the local law enforcement authority to verify the information in the registration form maintained by that authority.

Effective September 1, 1999 your anniversary date is the same as your date of birth. You must report in person to the local law enforcement authority once each year not earlier than the 30th day before or not later than the 30th day after your birthday.

YOUR BIRTHDAY IS  Sep / 07    . THIS IS YOUR ANNIVERSARY DATE.

You are still required to report in person seven days before any change of address in addition to your annual registration requirements. If you move from you address at

**600 N HENDERSON ST**                              in Fort Worth, and you do not come to the Fort Worth Police S.C.R.A.M. Unit in person seven days prior to your move and provide proof of your new address, a warrant will be issued for your arrest. This requirement will be enforce even if you move out of the City of Fort Worth or out of the State of Texas.

## YOU MUST REPORT ANY CHANGE OF ADDRESS IN PERSON TO THE FORT WORTH POLICE S.C.R.A.M. UNIT SEVEN DAYS BEFORE YOU MOVE.

NAME OF REGISTRANT: brown, william

DATE OF BIRTH:          9/7▮

CAUSE #: D297 - 0618020                    COUNTY: TARRANT

EXPIRATION OF DUTY TO REGISTER: Lifetime

REGISTRANT'S SIGNATURE: X _William E Brown_

DATE THIS NOTICE ISSUED: 3 /28/2012

DETECTIVE / OFFICER GIVING NOTICE: _____ 2860

WITNESS IF REGISTRANT REFUSES TO SIGN: _____

LEFT THUMB                    RIGHT THUMB





STATE'S EXHIBIT

# FORT WORTH POLICE DEPARTMENT
## SEX OFFENDER REGISTRATION
## ACKNOWLEDGEMENT FORM

I HAVE REGISTERED WITH THE FORT WORTH POLICE SPECIAL VICTIMS SECTION.

I AM REQUIRED TO REGISTER: (BY APPOINTMENT)
_✓_ ONCE A YEAR (WITHIN 30 DAYS BEFORE OR AFTER OF MY BIRTHDAY)
__ EVERY 90 DAYS
__ EVERY 30 DAYS

I AM REQUIRED TO NOTIFY THE FWPD SPECIAL VICTIMS SECTION IN PERSON (7) DAYS PRIOR TO ANY ADDRESS CHANGE. (BY APPOINTMENT)

I AM REQUIRED TO NOTIFY THE FWPD SPECIAL VICTIMS SECTION OF ANY STATUS CHANGE (EXAMPLE: EMPLOYMENT, VEHICLES, HOSPITALIZATION, PHONE NUMBERS, ETC). (BY PHONE CALL)

I AM REQUIRED TO REGISTER:
_✓_ FOR THE REST OF MY LIFE.
__ 10 YEARS POST DISCHARGE.
__ UNTIL DISCHARGED FROM SUPERVISION. (BOARD ORDERED OFFENDERS ONLY)

IF APPLICABLE I MUST OBTAIN AN ANNUALLY RENEWABLE TX DRIVER'S LICENSE OR TX ID CARD FROM THE TX DPS.

**IT IS A FELONY CHARGE IF I FAIL TO COMPLY WITH ANY OF THE ABOVE REQUIREMENTS.**

I UNDERSTAND THAT THE FWPD WILL COME TO MY RESIDENCE ON A REGULAR BASIS TO VERIFY MY REGISTRATION INFORMATION.

IF I AM INCARCERATED IN JAIL I MUST REPORT BACK TO THE FWPD SPECIAL VICTIMS SECTION WITHIN (7) DAYS OF MY RELEASE.

IF I MOVE OUT OF THE STATE OF TEXAS I MUST CHANGE MY ADDRESS WITH THE FWPD SPECIAL VICTIMS SECTION PRIOR TO MOVING. IF I MOVE BACK TO TEXAS, I MUST REGISTER WITH THE LAW ENFORCEMNET AGENCY HAVING JURISDICTION OF THE CITY OR COUNTY THAT I MOVE TO WITHIN (7) DAYS OF MY ARRIVAL.

IF I HAVE ANY QUESTIONS ABOUT MY SEX OFFENDER REGISTRATION I CAN CALL (817) 392-4350.

SIGNATURE: X _[signature]_
DATE: 3-28-2012
OFFICER GIVING NOTICE: _[signature]_ 2860

## PRE-RELEASE NOTIFICATION FORM
## TEXAS SEX OFFENDER REGISTRATION PROGRAM
ARTICLE 62.03, Code of Criminal Procedure

*Release or Discharge from a Penal Institution or Release to Community Supervision,*
*Parole, Mandatory Supervision or Law Enforcement Registering Authority*

### (THIS IS NOT THE REGISTRATION FORM)

| FULL NAME | LAST | | FIRST | | MIDDLE | |
|---|---|---|---|---|---|---|
| | BROWN | | WILLIAM | | CHARLES SR | |

| DATE OF BIRTH | Sex | Race | Height | Weight | Eyes | Hair | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|---|---|---|
| 9/7█ | M | B | 506 | 213 | BRO | BAL | ██████ |

| DL NUMBER | STATE | ID NUMBER | STATE | SID NUMBER | FBI NUMBER | TDCJ-ID NUMBER |
|---|---|---|---|---|---|---|
| ██████ | TX | 15486815 | TX | 04173932 | | 769798 |

| REGISTERING OFFENSE (TITLE) | STATE | DISPOSITION DATE | SENTENCE RECEIVED | VICTIM(S) SEX / AGE |
|---|---|---|---|---|
| 11990001 | TX | 11/13/1996 | 10 YRS | F/44 |

*IF NOT STATUTORILY REQUIRED TO REGISTER, CHECK ☐ AND ENTER DISCHARGE DATE   2 /9 /2006

| REGISTERING OFFENSE (TITLE) | STATE | DISPOSITION DATE | SENTENCE RECEIVED | VICTIM(S) SEX / AGE |
|---|---|---|---|---|
| | TX | | | |

*IF NOT STATUTORILY REQUIRED TO REGISTER, CHECK ☒ AND ENTER DISCHARGE DATE

DUTY TO REGISTER EXPIRES:  ☑ Lifetime   ☐ 10 Years After Discharge   ☐ At Discharge

VERIFICATION REQUIREMENT:  ☑ Annual (on birthdate)   ☐ Every 90 Days   ☐ Every 30 Days

ASSIGNED RISK LEVE [ L ]   If "C" for Civil Commitment please provide date of judgment order _____

ADDRESS OR DESCRIPTION OF THE GEOGRAPHICAL LOCATION WHERE PERSON NOTIFIED EXPECTS TO RESIDE
(Full street address, city, zip code)

| 600 N HENDERSON ST | FORT WORTH | TX | 76104 |
|---|---|---|---|

Chapter 62, Code of Criminal Procedure, requires me to register as a sex offender. I understand that:

Initial Verification of Registration Upon Release: Not later than the 7th day after ‾5-28-2012‾ (date release/placement on community supervision or juvenile probation). I must personally appear at the following local law enforcement authority to verify and complete my registration.

Registration Verification

Local Law Enforcement Agency Name: *F Worth Police Dept*

Agency Address/City/State/Zip: *350 W. Belknap St. F Worth TX 76102*

Notification to Authority for Campus Security Agency: _____

Agency Address/City/State/Zip: _____

If I have a juvenile probation officer, community supervision and corrections department, or parole officer and I do not move to an intended residence, I must report to my supervising officer not later than the 7th day after the date I was released.

Registration: I am required to register with the local law enforcement authority in any municipality (chief of police) where I reside or intend to reside for more than seven days. If my residence is not in a municipality, I must register with the local law enforcement authority of the county (sheriff) where I reside or intend to reside for more than seven days. Registration must be completed not later than the 7th day after the date of my arrival in the municipality or county. The local law enforcement authority in the municipality or county I reside in will be my primary registration authority. The duration of my duty to register is for the period of time indicated above.

Periodic Verification of Registration: I must personally appear at my primary registration authority and verify my registration information annually, every 90 days, or every 30 days, as indicated above.

Change of Address: Not later than the 7th day before I move to a new residence in this state or another state, I must report in person to my primary registration authority and to my community supervision and corrections department officer, juvenile probation officer, or parole officer supervising me and inform that authority and officer of my intended move. If my new residence is located in this state, not later than the 7th day after changing address, I must report in person and register with the local law enforcement authority in the municipality or county where my new residence is located. If my new residence is located in another state, not later than the 10th day after the date I arrive in the other state, I must register with the law enforcement agency that is identified by the Texas Department of Public Safety as the agency designated by that state to receive registration information. If I do not move to an intended residence, not later than the 7th day after my anticipated move date, I shall report to my primary registration authority and to any supervising officer supervising me.

STATE'S EXHIBIT
2

_WCB_ Lack of Address: If I lack a physical address assigned by a governmental entity, I must provide to the local law enforcement authority a detailed description of the geographical location where I reside or intend to reside for more than 7 days. I must report in person to the local law enforcement authority not less than once in each 30 day period to confirm my location until a physical address can be provided.

_WCB_ Texas DL/ID Requirement: Not later than the 30th day after the date I am released/placed on community supervision or juvenile probation, I shall present this notice to the appropriate Texas Department of Public Safety, Driver License Office, and obtain a yearly renewable Texas driver license or personal identification certificate for the duration of the period I am required to register as a sex offender. This form will not be accepted as proof of original identification when obtaining a DL or ID certificate. Failure to obtain a yearly renewable driver license or personal identification certificate will result in the revocation of any existing license or certificate issued by the Texas Department of Public Safety.

_WCB_ Status Changes: Not later than the 7th day after date of the change, I shall report to my primary registration authority any change in the following: my name (includes a request for name change and a denial of a request), my physical health (includes hospitalization), job status (includes beginning and leaving employment and changing work locations), and educational status (includes a transfer from one educational facility to another).

_WCB_ Change in On-Line Identifiers: Not later than the 7th day, I shall report any changes to online identifiers or establishment of any new online identifiers not already included on my registration form to my primary registration authority in the manner prescribed by the authority.

_WCB_ Institutions of Higher Education: If I intend to be employed, carry on a vocation, or be a student at a public or private institution of higher education in this state, I must notify the authority for campus security for the institution and my primary registration authority of that fact not later than the 7th day after the date I begin to work or attend school at the institution. If I stop working or attending school at an institution of higher education, I must report that fact to the authority for campus security and my primary registration authority not later than the 7th day after the day I stop working or attending school at the institution. If the institution of higher education does not have an authority for campus security, I must provide the required notice to the local law enforcement authority of the municipality or county in which the institution is located. If the institution of higher education is located in another state, I must notify any authority for campus security for that institution not later than the 10th day after the date I begin to work or to attend school.

_WCB_ Workers and Students: If I reside outside of this state and intend to work or attend school in this state, not later than the 7th day after the date I begin to work or attend school, I must register and verify registration with the local law enforcement authority in the municipality or county in which I work or attend school. If I reside in this state and work or attend school in another state, I must register with the law enforcement agency that is identified by the Texas Department of Public Safety as the agency designated by that state to receive registration information not later than the 10th day after the date I begin to work or attend school.

_WCB_ Visiting Locations: If on at least 3 occasions during any month I spend more than 48 consecutive hours in a municipality or county other than the municipality or county I am registered in, I must report that fact to the local law enforcement authority of the municipality or county I am visiting. This notice must be provided before the last day of the month the visits occur.

_WCB_ Postcard Notification Costs: If I am assigned a High risk level or am civilly committed as a sexually violent offender, I shall reimburse the Texas Department of Public Safety all costs incurred by the DPS in providing postcard notification to my community of residence (Not applicable to an adjudication of delinquent conduct).

_WCB_ Local Law Enforcement Authority Policies: All registrations, verifications, and notifications must be provided in person within the time periods indicated above. If I appear within a time period indicated above and the local law enforcement authority instructs me that their policy requires me to appear at a later date, I will appear on that later date to register, verify, or to provide a notification, as applicable.

_WCB_ DNA Specimen: A person required to register under this chapter shall comply with a request for a DNA specimen made by a law enforcement agency under Section 411.1473, Government Code.

_WCB_ Criminal Penalties: My failure to comply with any requirement imposed upon me by Chapter 62, Code of Criminal Procedure, is a felony offense. Further, if I am on parole, community supervision, or juvenile probation, my failure to comply with any requirement imposed upon me by Chapter 62, Code of Criminal Procedure, may result in the revocation of my parole, community supervision, or juvenile probation.

_Brown, William C._
PRINTED NAME OF PERSON NOTIFIED

X _William Brown_      _3-28-2012_
SIGNATURE OF PERSON NOTIFIED      DATE

SID# _0419-393_    _____ OFFENDER REFUSED TO SIGN     _____ OFFENDER UNABLE TO SIGN
Person Notified

I certify that I notified the individual named above of the duty to register as required under Chapter 62, C.C.P.

_____      3/28/2012
PRINTED NAME AND SIGNATURE OF NOTIFYING OFFICER      DATE OF NOTIFICATION

FORT WORTH POLICE DEPT _____      (817)392-4388
NAME OF NOTIFYING AGENCY _Ft Worth, Texas_      AGENCY TELEPHONE NUMBER

PLEASE KEEP A COPY OF THIS FORM FOR YOUR RECORDS. PLEASE PROVIDE REGISTRANT WITH A COPY OF THIS FORM
FORWARD A COPY TO THE INTENDED PRIMARY REGISTRATION AUTHORITY
FAX COMPLETED FORM TO DPS - SEX OFFENDER COMPLIANCE UNIT - 512/424-5434
MAIL ORIGINAL TO : TXDPS-CRS, POB 4143, AUSTIN, TX 78765-4143

4